CHARLES J. REGAN, administrator, *vs.* ISAAC ROSENMARK.

Suffolk. May 20, 1930. — July 2, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence*, Motor vehicle, Contributory, In use of way, Causing death. *Evidence*, Presumptions and burden of proof.

At the trial of an action of tort by an administrator against the operator of an automobile for causing the death of the plaintiff's intestate, there was evidence that the intestate had alighted from a street car on a public way and was proceeding across the way to a sidewalk when, about five feet from the sidewalk, he was struck by the right side of the automobile, and was dragged; that the accident happened near the intersection of another public way; that the automobile was travelling about thirty or thirty-five miles an hour; and that, after colliding with the decedent, it went seventy-five or eighty feet with the brakes set before it came to a stop. There was a verdict for the plaintiff and the defendant alleged exceptions. *Held*, that

(1) The due care of the plaintiff's intestate and the negligence of the defendant were questions of fact for the jury;

(2) A contention of the defendant, that to entitle the plaintiff to recover it must appear affirmatively that his intestate "was actively looking out for . . . [his] personal safety," could not be sustained.

TORT by the administrator of the estate of Mary G. Regan for negligently causing conscious suffering and the death of the plaintiff's intestate. Writ dated January 21, 1926.

In the Superior Court, the action was tried before Sisk, J. Material evidence is stated in the opinion. There were verdicts for the plaintiff in the sum of $5,000 for causing the intestate's death and of $1,000 for her conscious suffering. The defendant alleged exceptions.

J. T. Pugh, for the defendant.

M. C. Kelleher, (M. E. Hughes with him,) for the plaintiff.

CROSBY, J. This is an action to recover for the conscious suffering and death of the plaintiff's intestate, who was struck by an automobile owned and operated by the defendant on Blue Hill Avenue, near Walk Hill Street, in Boston.

There was evidence from which it could have been found that the decedent, with several other persons, alighted from a car of the Boston Elevated Railway Company at a regular stopping place, and was crossing to the westerly side of the avenue; that she had reached a point about five feet from the Walk Hill Street side of the avenue when she was struck by the defendant's automobile travelling at the rate of thirty to thirty-five miles an hour; that her clothing was caught on the right fender, and she was rolled along for a distance of seventy-five or eighty feet, but was not run over; that after she passed in front of the car and the defendant saw her, he swerved the car, bringing it, instead of away from her, toward her. The jury returned a verdict for the plaintiff. The case is before this court on exceptions to the refusal of the trial judge to grant the defendant's motion for a directed verdict, and to the refusal to give certain requests for instructions. It is plain that the issues of the due care of the plaintiff's intestate and the negligence of the defendant were questions of fact for the jury. It follows that the

motion for a directed verdict could not properly have been granted.

It is the contention of the defendant that to entitle the plaintiff to recover it must appear affirmatively that his intestate "was actively looking out for her personal safety." That contention cannot be sustained. In *O'Connor* v. *Hickey,* 268 Mass. 454, recently decided by this court, the same contention was made. It was there held that "The presumption of due care created by G. L. c. 231, § 85, in any event is coextensive with the requirement as to due care expounded in the Hudson case. . . . [*Hudson* v. *Lynn & Boston Railroad,* 185 Mass. 510, 521.] That presumption was not inapplicable as matter of law to the case at bar. *Mercier* v. *Union Street Railway,* 230 Mass. 397, 403, 404. The case on this point is covered by the authority of *King* v. *Weitzman,* 267 Mass. 447, 450." It could not have been ruled that the decedent was not in the exercise of due care. *Pawloski* v. *Hess,* 253 Mass. 478. *Hicks* v. *H. B. Church Truck Service Co.* 259 Mass. 272, 277. *Barrett* v. *Checker Taxi Co.* 263 Mass. 252.

There was evidence that negligence of the defendant in the operation of his automobile caused injury to and the death of the plaintiff's intestate. It could have been found that she alighted from a street car at a regular stopping place, and was struck by the automobile while she was crossing the street with other persons and had almost reached the sidewalk; that when she was struck the automobile was travelling about thirty or thirty-five miles an hour and, after colliding with the decedent, went seventy-five or eighty feet with the brakes set before it came to a stop. If, as could have been found, the defendant was approaching an intersecting street at a speed of thirty or thirty-five miles an hour he was guilty of a violation of G. L. c. 90, § 17. Such a violation of the statute was evidence of negligence. *Patrick* v. *Deziel,* 223 Mass. 505. *Davicki* v. *Flanagan,* 250 Mass. 379, 381.

The defendant's requests for instructions need not be considered in detail; there was no error in refusing to give them. The charge of the trial judge, to which no exception

was taken, so far as reported was adequate and accurate upon the issues involved. The case presents no new questions of law. The rulings of the trial judge were in accord with well settled principles.

*Exceptions overruled.*