HENRY B. PROUT *vs.* MYSTIC MOTOR TRANS. CO., INC.

Norfolk.    November 10, 1944. — December 5, 1944.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, J.J.

*Negligence,* Motor vehicle, Use of way, Imputed.  *Proximate Cause.*
    *Evidence,* Presumptions and burden of proof.

Evidence of the circumstances in which an automobile at night collided with the rear end of a motor truck which was stopped on the highway without lights or flares and which the operator of the automobile did not see until the automobile, travelling at thirty to thirty-five miles an hour, was seventy to eighty feet from it, warranted a finding that there was a causal connection between negligence of the operator of the truck so stopped and the collision.

In an action for personal injuries sustained by the owner of an automobile when, while he was riding in it and it was operated by his chauffeur, it collided with a motor truck of the defendant, the burden was on the plaintiff to prove that his chauffeur was not negligent.

A finding of due care on the part of the operator of an automobile was warranted by evidence of the circumstances in which at night it collided with the rear end of a motor truck, stopped on the highway without lights or flares and not seen by the operator of the automobile until the automobile, travelling at the rate of thirty to thirty-five miles an hour, was seventy to eighty feet from it.

Tort. Writ in the Municipal Court of Brookline dated August 6, 1941.

Upon removal to the Superior Court, the action was tried before *Swift*, J.

*G. A. Murphy*, for the defendant.

*H. A. Reynolds*, (*J. G. Patteson* with him,) for the plaintiff.

Ronan, J. The plaintiff was injured when the automobile in which he was riding and which was operated by his chauffeur along a main highway in Littleton at about ten-thirty o'clock on the evening of July 8, 1941, came into collision with the rear of a large oil truck of the defendant which was stopped without lights upon the highway. The plaintiff had a verdict. The defendant excepted to the denial of a motion for a directed verdict.

It was undisputed that the lights of the truck had been extinguished, that the operator of the truck had parked it upon the right side of the road in order to substitute a new fuse for one that had blown out, and that he was engaged in doing so when the collision occurred. He had not set out any flares. The defendant conceded at the argument that the evidence would warrant a finding of negligence of the defendant. We think the evidence was also sufficient to show a causal relation between the want of lights and the accident. *Woolner* v. *Perry*, 265 Mass. 74. *Tevyaw* v. *Hemingway Brothers Interstate Trucking Co.* 284 Mass. 441. *Jacobs* v. *Moniz*, 288 Mass. 102. *Cutler* v. *Johansson*, 306 Mass. 466.

The principal contention of the defendant is that the plaintiff has failed to prove that the accident was not caused by the negligence of his chauffeur. The burden of proof on this issue was upon the plaintiff. *Bullard* v. *Boston Elevated Railway*, 226 Mass. 262. *Mendolia* v. *White,* 313 Mass. 318. The plaintiff was not bound by the testimony of his chauffeur, which in some respects was adverse to him, although he had called the chauffeur as a witness, and in determining the correctness of the ruling denying the defendant's motion the plaintiff is entitled to have the evidence considered in the view most favorable to him; and if from the testimony there appears any combination of circumstances from which

an inference of due care on the part of the chauffeur could be rationally drawn, then the issue was properly submitted to the jury. *Lydon* v. *Boston Elevated Railway*, 309 Mass. 205. *Duff* v. *Webster*, 315 Mass. 102. *Kelly* v. *Railway Express Agency, Inc.* 315 Mass. 301.

. There was evidence that the plaintiff's automobile was proceeding along its right side of a three-lane highway at the rate of thirty to thirty-five miles an hour and had reached a point seventy to eighty feet behind the truck, when it was seen by the chauffeur, the plaintiff and his wife, who was riding with him; that the brakes were instantly applied; and that the automobile began to slow down and was just about to stop when it struck the truck. There was evidence that the chauffeur had deflected the headlights as ten to fifteen automobiles passed on his left; that the deflected headlights showed the road for eighty to one hundred feet ahead; that after he discovered the truck he turned on the headlights full; and that he did not drive into the middle lane because he did not know whether an automobile was approaching in that lane. The weather was fair, the moon shone at times and at other times was obscured, and the truck had stopped at a place where elm trees overhung the road. At the time the truck was discovered the automobile would have reached the truck in less than two seconds if the speed of the automobile was unchecked. The operator could rely to some extent upon the expectation that other travellers would obey the law with reference to lights and that he would be apprized of the presence of a truck by its lights before he approached within seventy or eighty feet of it. His speed was not unreasonable as a matter of law. Regard might properly be had for the reaction likely to be experienced by the chauffeur on account of the sudden realization that a truck was stopped directly in his path, and regard also might be had for the fact that, while he was effecting a proper coördination of his mind and hand in order to avert a collision, he was approaching the truck at the rate of forty feet a second. The shortness in distance and time in which he had to work must not be overlooked. The jury has said that the chauffeur was not negligent and

we cannot say as matter of law that the plaintiff has not sustained the burden of proving that he was not. Our decisions with reference to rear end collisions, including those upon which the defendant relies, have been so recently and fully discussed in *Bresnahan* v. *Proman*, 312 Mass. 97, that it is unnecessary to repeat what was there said. See also *Harsha* v. *Bowles*, 314 Mass. 738; *Kralik* v. *LeClair*, 315 Mass. 323.

*Exceptions overruled.*