RAY'S CHECKER TAXI, INC. *vs.* CHARLES V. BLAISDELL & another.

Essex.   April 3, 1946. — May 3, 1946.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & SPALDING, JJ.

*Negligence,* Motor vehicle, Contributory.   *Law of the Road.*

A finding was warranted that the operator of an automobile did not violate G. L. (Ter. Ed.) c. 89, § 1, and was in the exercise of due care where it appeared that, as he was proceeding at a moderate speed on his right side of the street and was approaching an intersecting street on his left, a negligently operated motor truck made a wide turn to its right toward the automobile out of the intersecting street, skidded and collided with the automobile.

TORT. Writ in the District Court of Southern Essex dated April 27, 1943.

The action was heard by *Hill*, J.

*P. B. Buzzell*, for the defendants.

*C. V. Hogan*, for the plaintiff.

SPALDING, J. This is an action of tort growing out of a collision between the plaintiff's taxicab and a truck of the defendants. The judge of the District Court found for the plaintiff. The only question for decision is whether the judge erred in denying several requests presented by the defendants which in effect asked him to rule that the driver of the plaintiff's taxicab was not in the exercise of due care. No contention is made that the driver of the defendants' truck was not negligent.

The facts found by the judge, together with those not disputed, may be summarized as follows: On December 14, 1942, at about 9 A.M. the plaintiff's taxicab was proceeding on Boston Street, Lynn, toward the intersection of Kirtland Street, at a speed of fifteen to twenty miles per hour. Boston Street near the intersection widens out to about one hundred feet. The taxicab was to the right of the center of Boston Street. Inasmuch as the driver's view to his left into Kirtland Street was obstructed by reason of a bakery truck which was parked on the corner, he saw nothing approaching from Kirtland Street until he neared the corner. The defendants' truck at this time was proceeding on Kirtland Street toward the intersection. Just before turning the corner the driver of the defendants' truck observed the taxicab and without slackening his speed made a wide turn around the bakery truck, and "as he endeavored to get his truck back onto the right side of Boston Street he skidded and drove head first into the front end of the approaching taxi" at a point some thirty-five to forty feet back from the intersection line.

The judge found that the speed of the taxicab was reasonable in the circumstances, and that the driver was not negligent. He found that the driver of the truck in view of the conditions prevailing at the corner was "clearly negligent" in making the turn as he did. The judge made no

finding as to the speed of the defendants' truck at the time of the accident, but there was evidence that it was proceeding at the rate of thirty-five to forty miles per hour.

The due care statute (G. L. [Ter. Ed.] c. 231, § 85) extends only to the personal conduct of the plaintiff himself; it does not help the plaintiff as to due care on the part of his agents or servants. Consequently the plaintiff here had the burden of proving that no negligence of its driver contributed to the accident. *Bullard* v. *Boston Elevated Railway*, 226 Mass. 262. *Mendolia* v. *White*, 313 Mass. 318, 321. *Prout* v. *Mystic Motor Trans. Co. Inc.* 317 Mass. 349, 350.

The defendants contend that, since the accident occurred while the taxicab was still some thirty-five to forty feet from the intersection, the plaintiff's taxicab must have been even farther from it at the time the driver first observed the defendants' truck; that this presented a situation of two vehicles meeting on a way within the purview of G. L. (Ter. Ed.) c. 89, § 1, and the driver of each was required to "seasonably drive his vehicle to the right of the middle of the traveled part of such way, so that the vehicles . . . [might] pass without interference"; and that on the facts found by the judge it was obvious that the plaintiff's driver did not comply with the statute and was guilty of contributory negligence as matter of law. But this conclusion is precluded by the findings. On the facts found by the judge the taxicab was proceeding on the "right of the center of Boston Street." There is no finding that it was at any time to the left of the middle of the travelled part of the road. In these circumstances the statute was not violated. The defendants strongly rely on *Brown* v. *Sanborn*, 131 Maine, 53, where the plaintiff was held guilty of contributory negligence as matter of law by reason of his violation of a statute similar to G. L. (Ter. Ed.) c. 89, § 1. But that case is plainly distinguishable. There the plaintiff's truck at the time of the accident was to the left of the middle of the way in violation of the statute.

Even if the statute was not violated, the plaintiff's driver was nevertheless bound to exercise reasonable care to avoid

the accident. On the evidence a finding that he was in the exercise of due care was warranted. And, if we assume, as the defendants have argued, that the judge expressly found all the facts on which his decision was based and that we cannot look beyond these findings, we find nothing in them that precludes a conclusion that the plaintiff's driver was in the exercise of due care. *Prout* v. *Mystic Motor Trans. Co. Inc.* 317 Mass. 349.

The order of the Appellate Division dismissing the report must be affirmed.

*So ordered.*