MARION L. McKEAGUE *vs.* HENRY JENKINS TRANSPORTA-
TION COMPANY, INC.
(and a companion case [1]).

Suffolk.    October 7, 8, 1948. — November 4, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, WILKINS, & WILLIAMS, JJ.

*Negligence*, Motor vehicle.

Circumstances disclosed by evidence at the trial of an action by a passenger
in a motor bus for personal injuries sustained when the bus was run
into by a motor tractor which had approached from the opposite
direction over an icy street, had turned out to its left to pass a parked
car and, in attempting to return to its right side of the street, had
skidded, warranted a finding that the operator of the tractor was
negligent.

TWO ACTIONS OF TORT.    Writs in the Superior Court
dated November 9 and November 10, 1945, respectively.

The actions were tried together before *Smith*, J.

*M. T. Prendergast*, for the defendant.

*A. E. Lamb*, for the plaintiffs.

WILLIAMS, J.    These are two actions of tort brought
by Marion L. McKeague for personal injuries and by her
husband, Joseph F. McKeague, for consequential damages
resulting from a collision between a bus of the Eastern
Massachusetts Street Railway Company, in which Mrs.
McKeague was a passenger, and a tractor of the defendant
transportation company, operated by its employee within
the scope of his employment on Main Street, Malden, about
11 P.M. on February 16, 1945.    The judge in the Superior
Court denied motions that verdicts be directed for the
defendant and the defendant excepted.    Verdicts were re-
turned for the plaintiffs.

The question before us is whether there was evidence of
negligence on the part of the defendant's operator.

[1] The companion case is by Joseph F. McKeague against the same de-
fendant.

The jury could have found that Main Street was forty feet wide, its width available for travel at the time of the collision being somewhat reduced by two feet of banked snow along either curbing, and that its surface was icy and slippery. The defendant's tractor, twelve feet long and six feet wide with double wheels on the rear, was travelling south on a slight down grade. For several hundred feet back from the scene of the collision the operator had been aware of the condition of the street. He was proceeding at an estimated speed of about fifteen miles per hour when he saw an automobile parked on the right from twenty to twenty-five feet in front of him. He turned to his left to pass this automobile, and when going by it saw the bus in which the plaintiff was riding twenty-five or fifty feet away approaching him on its right hand side of the road. He immediately turned to his right and his rear wheels skidded to the left, striking the left front of the bus a few feet over the center line of the road. At the time of the collision the bus had come to a stop.

The contention of the defendant that there was no evidence for the jury of negligence on the part of the defendant's operator cannot be sustained. The operator testified that he came out to the middle of the road and swung back when he saw the bus; that if he had not, the bus and the tractor "would have met head on — not exactly head on" but would have "struck straight." While the occurrence of skidding in and of itself is not evidence of negligence, skidding accompanied by other evidence of road and traffic conditions apparent to the operator of a motor vehicle and his conduct in relation to the same may indicate negligent operation of such vehicle. *Lonergan* v. *American Railway Express Co.* 250 Mass. 30. *Arnold* v. *Brereton,* 261 Mass. 238. *Hennessey* v. *Moynihan,* 272 Mass. 165. *Spain* v. *Oikemus,* 278 Mass. 544. *Levin* v. *Twin Tanners, Inc.* 318 Mass. 13, 15, and cases cited. There was evidence here that the tractor skidded fifty or more feet before striking the bus; that the tractor "bounded off" the bus about four feet due to the impact; and that it stopped eight feet in front of the parked automobile. A finding of fact was per-

missible that the tractor was proceeding at a higher rate of speed than was estimated by witnesses, that the operator, not having seen the parked automobile until he was close to it, turned suddenly to his left to go around it, crossed the center line of the road, and then, with equal suddenness, because of the approaching bus, turned to his right, thereby causing the tractor's rear wheels to slide on the slippery road. His conduct in the prevailing conditions could be found by the jury to be negligent. The denial of the defendant's motions was proper.

*Exceptions overruled.*