RICHARD J. O'LEARY & another *vs.* CECIL V. HAYDEN.

Worcester.    September 26, 1949. — March 30, 1950.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Contract*, What constitutes, Building contract, For sale of real estate. *Practice, Civil*, Requests, rulings and instructions; Appellate Division: appeal. *Error*, Whether error harmful.

A statement in a report by a judge of a District Court, "Upon the evidence . . . I find . . . that as a matter of law" there was not a contract between the parties, was treated by this court as a ruling of law that there was no evidence warranting a finding of the existence of a contract.

It was error to rule in an action of contract that a finding of the existence
of a contract between the parties was not warranted where there was
evidence that in conversations between them the plaintiff "agreed"
to purchase for a certain price a house, then under construction by the
defendant, upon its completion, and the defendant "agreed" to build
the house for the plaintiff in a good and workmanlike manner.

In an action of contract in a District Court, error in a ruling that the
evidence did not warrant a finding of the existence of a contract between
the parties was prejudicial where it could not be determined on the
record that a finding for the defendant was not due to such ruling.

CONTRACT OR TORT. Writ in the Central District Court
of Worcester dated February 25, 1948.

The action was heard by *Barnes*, J.

*C. W. Proctor*, for the plaintiffs.

*E. J. McCabe*, for the defendant.

WILLIAMS, J. This is an action of contract or tort brought
by two plaintiffs to recover damages caused by the defec-
tive construction of two houses purchased separately by
them from the defendant. The declaration, which is in four
counts, alleges, in count 1, breach of a contract to build for
and sell to the plaintiff O'Leary a house built in a good and
workmanlike manner; in count 2, negligence in constructing
said house; in count 3, breach of a contract to build for and
sell to the plaintiff Finley a house built in a good and work-
manlike manner; and in count 4, negligence in constructing
said Finley house. The answer is a general denial, payment
and the statute of frauds. There was a finding for the
defendant. The case is here on appeal by the plaintiffs from
an order of the Appellate Division dismissing a voluntary
report of the judge which states, "The plaintiffs claiming
to be aggrieved by the finding and ruling of the court, I
hereby report the same to the Appellate Division for deter-
mination." See *East Hampton Bank & Trust Co.* v. *Collins*,
287 Mass. 218. Counts 2 and 4 for negligence have not been
argued and are treated as waived. *Boston* v. *Santosuosso*,
307 Mass. 302, 316–317. *Soscia* v. *Soscia*, 310 Mass. 418.

The report states that there was evidence "tending to
show" that in February, 1947, the plaintiff Finley had a
conversation with the defendant relative to the purchase of

a house which the defendant was then building in West Boylston; that from time to time thereafter Finley had other conversations with the defendant in which the defendant told Finley that the house would be a good house and would be built in a good and workmanlike manner; that in the latter part of March, 1947, Finley "agreed" to purchase the house, then under construction, upon its completion, and the defendant "agreed" to build the house for the plaintiff in a good and workmanlike manner; that in April the price was fixed at $8,500; and that the plaintiff and his wife took title to the house and recorded their deed on May 6 or 8. The report further states that "Upon the evidence as presented aforesaid I find that the plaintiff, Finley, and the defendant had conversations regarding the plaintiff purchasing a house and lot from the defendant, which said house was then in the process of construction on the defendant's land; that the conversations were preliminary to the plaintiff purchasing the property; that as a matter of law there was no meeting of the minds and no contract existing between the plaintiff and the defendant prior to the sale of the house and lot by the defendant to the plaintiff and his wife on May 6 or 8, 1947. I further find that even if there had been an oral agreement between the plaintiff and the defendant, it would have been unenforceable by reason of the statute of frauds, as a matter of law. I find for the defendant."

As the report dealt only with the "case" of Finley, it was recommitted by the Appellate Division and amended by the trial judge to include a statement that the parties had "agreed that as to the plaintiff O'Leary the issues were the same as in the case of the plaintiff Finley and the testimony would be substantially the same and that no written instrument had been executed between the plaintiff O'Leary and the defendant other than a deed," and a statement that he "therefore found that, even if there had been an oral agreement between the plaintiff O'Leary and the defendant, it would have been unenforceable by reason of the statute of frauds, as a matter of law."

A statement in the nature of a ruling of law reported by the judge is that "Upon the evidence as presented aforesaid I find . . . that as a matter of law there was no meeting of the minds and no contract existing between the plaintiff and the defendant prior to the sale of the house and lot by the defendant to the plaintiff and his wife on May 6 or 8, 1947." While this language is somewhat obscure, we are of opinion that the judge, although using the term "find," intended to rule as matter of law that there was no evidence warranting a finding that a contract existed between the parties prior to the sale of the house and lot. See *New England Structural Co.* v. *Everett Distilling Co.* 189 Mass. 145, 151. The ruling to this effect was error.

There was evidence that the plaintiff Finley and the defendant had several discussions with reference to a particular house and lot; that the plaintiff Finley "agreed" to buy it when it was completed; that the defendant "agreed" to build the house for the plaintiff in a good and workmanlike manner; that a price of $8,500 was eventually fixed; and that in May, 1947, Finley did purchase the house and lot. A finding was warranted that a contract existed between the parties prior to the sale.

It is true that the general finding for the defendant imports the finding of all facts necessary to support it, *Jones* v. *Clark*, 272 Mass. 146, *Dillon* v. *Framingham*, 288 Mass. 511, 513; but we cannot say that the decision may not have been due to the erroneous view of the law expressed by the above ruling. The error cannot be corrected by this court except by reversing the decision. *Bresnick* v. *Heath*, 292 Mass. 293. What has been said in reference to the Finley "case" applies equally to the "case" of O'Leary.

The report recites a "finding" with respect to each of the plaintiffs that "even if there had been an oral agreement between the plaintiff and the defendant, it would have been unenforceable by reason of the statute of frauds, as a matter of law." The correctness of this ruling depends on the terms of the contract which may be found to have been made and the language of the deed given by the defendant

to the plaintiff. When that part of an oral contract which is within the statute of frauds has been executed, other parts of the contract may not necessarily be unenforceable. *Trowbridge* v. *Wetherbee,* 11 Allen, 361, 364. *Wetherbee* v. *Potter,* 99 Mass. 354, 362. *Hurley* v. *Donovan,* 182 Mass. 64, 69.

> *Order dismissing report reversed.*
> *Case to stand for new trial.*