JOHN J. COSTELLO, JUNIOR, & others *vs.* WALTER HANSEN.

Norfolk.    March 6, 1951. — April 2, 1951.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & COUNIHAN, JJ.

*Negligence,* Motor vehicle.

A finding of negligence on the part of a defendant toward a plaintiff would be warranted by evidence that while an automobile of the plaintiff was following an automobile of the defendant which was travelling at about twenty miles an hour and swaying and going from side to side in ruts in the road having a mound of snow and ice between them, there being no other vehicles on the road, the defendant's automobile at a curve went out of the ruts and up on the mound, spun over and turned around, came back and struck the automobile of the plaintiff.

TORT. Writ in the District Court of East Norfolk dated July 9, 1948.

Upon removal to the Superior Court, the action was tried before *Donahue,* J.

*R. L. Bates,* for the plaintiff.

*M. A. Darling,* for the defendant, submitted a brief.

LUMMUS, J. Counsel for the plaintiffs, in opening to the jury their action of tort for negligence against the defendant, stated in substance the following. The plaintiffs, John J. Costello, Junior, and his wife and baby, were riding on February 8, 1948, on a way in Canton, following the automobile of the defendant. The road had ruts with a mound of snow and ice between them from six to eight inches higher than the ruts. The defendant was travelling at about twenty miles an hour, and his automobile was swaying and going from side to side in the ruts. At a curve the de-

fendant's automobile went out of the ruts and up on the mound, spun over and turned around, came back and struck the plaintiffs' automobile, injuring it and the three plaintiffs.

At the conclusion of the opening, the judge, having been told by counsel for the plaintiffs that the evidence would show no more than he stated in the opening, directed a verdict for the defendant, subject to the exceptions of the plaintiffs.

It is settled that a verdict for a defendant may be ordered upon the plaintiff's opening, if it appears that the plaintiff's case has been fully stated. *Mulvaney* v. *Worcester*, 293 Mass. 32. *Cahalane* v. *Dennery*, 298 Mass. 34. *Passler* v. *Mowbray*, 318 Mass. 231. But the power to direct a verdict on the opening should be exercised with caution. *Carbone* v. *Trustees of New York, New Haven & Hartford Railroad*, 320 Mass. 710, 713–714. In *Douglas* v. *Whittaker*, 324 Mass. 398, 400, this court said, "Cases should be decided upon sworn evidence rather than upon an anticipatory statement of counsel which might bear little resemblance to the available evidence. In instances involving close questions, the safer course is to hear the evidence."

The defendant relies on the statement contained in a number of our decisions that "the mere skidding of a motor vehicle, unexplained, is not evidence of negligence." *Sherwood* v. *Radovsky*, 317 Mass. 307, 308. But it is equally well settled that skidding may be caused or accompanied by negligence upon which liability may be predicated. *Levin* v. *Twin Tanners, Inc.* 318 Mass. 13, 15. *McKeague* v. *Henry Jenkins Transportation Co. Inc.* 323 Mass. 404, 405. In the case at bar there were no other vehicles on the road, so that the defendant could devote all his attention to the operation of his automobile. The icy condition of the road made all driving dangerous. The speed of twenty miles an hour, while moderate under normal conditions, coupled with the inability to control the automobile, could be found indicative of negligence. We think that the direction of a verdict for the defendant was error.

*Exceptions sustained.*