INTERSTATE BUSSES CORP. *vs.* GRACE M. MCKENNA,
executrix.

Hampden. September 20, 1951. — May 1, 1952.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Negligence*, Motor vehicle, Contributory. *Evidence*, Presumptions and
burden of proof.

Evidence that an automobile came down a hill around a curve on a wet
road at a high rate of speed and skidded, turning around several times,
into a motor bus travelling in the opposite direction, whose operator,
upon observing the automobile, had drawn over to his right side of the
road, slackened speed and finally stopped before the collision, war-
ranted findings that the operator of the automobile was negligent and
that the operator of the bus was in the exercise of due care.
In an action brought in 1949 for damage to a motor vehicle operated by
an employee of the plaintiff, the plaintiff had the burden of proving
that the employee was in the exercise of due care. [4]

TORT. Writ in the Superior Court dated March 9, 1949.
The action was tried before *Fairhurst*, J.
In this court the case was submitted on briefs.
*Milton J. Donovan & James A. Reed*, for the plaintiff.
*Robert H. Doran*, for the defendant.

COUNIHAN, J.   This is an action of tort for property damage to a bus and for loss of its use because of a collision with an automobile operated by the defendant's testate. The bus was operated by an employee of the plaintiff and the accident happened on Route 20 in Fiskdale on or about July 7, 1947, between 4 and 5 P.M.   The case was tried before a judge and jury in September, 1950.   The jury returned a verdict for the plaintiff which was received by the judge under leave reserved.   G. L. (Ter. Ed.) c. 231, § 120. Thereafter upon motion of the defendant the judge entered a verdict for the defendant.   The plaintiff excepted.

The questions before us are the negligence of the operator of the automobile and the contributory negligence of the employee of the plaintiff.   The familiar rule is that in the determination of these questions the plaintiff is entitled to have the evidence considered in its aspect most favorable to it from whatever source it comes.   *Holton* v. *Shepard,* 291 Mass. 513, 515.   *Brightman* v. *Blanchette,* 307 Mass. 584, 589.

The evidence was in substance as follows:   Route 20 ran approximately east and west.   In the vicinity of the scene of the accident the road ran straight for a distance of several hundred feet, first going down a slight incline then rising to the east.   At the easterly end of this straightaway the road curved northerly.   The surface of the road was rough macadam.   It had been raining before the accident and the road was wet.

The operator of the bus testified that as he approached the scene of the accident he was travelling up grade along the straightaway thirty-five to forty miles an hour.   When he first saw the automobile it was four hundred fifty to five hundred feet away from him.   It was directly across the road facing northerly.   It made two and a half loops in the highway.   From the time he first saw it until the collision it was travelling about sixty miles an hour.   He slowed down the speed of the bus to twelve to fifteen miles an hour and pulled over to the right side of the road to get away from the automobile.   When the automobile was fifteen feet

away from it the bus came to a stop and it was stopped when the impact occurred. Both right wheels of the bus were completely off the macadam. The left rear of the automobile struck the right front of the bus. Before the bus came to a stop it had been moving very slowly. The operator kept it in motion, hoping from his years of experience as a driver that he could get by the skidding automobile.

A passenger on the bus testified that she saw the automobile coming around the curve swaying from side to side at a rate of speed between forty-five and fifty miles an hour. In a little while it turned around "and the way she thought, it turned around three times before it hit the bus." The bus was going about thirty-five miles an hour and pulled over to the side of the road going slowly. It stopped just before it was hit. "It was a severe crash."

Other evidence was that the automobile came down the hill around the curve toward the bus.

We are of opinion that this evidence was sufficient to warrant the jury finding negligence on the part of the operator of the automobile.

The defendant argues that mere skidding in and of itself is not evidence of negligence. We agree with this principle and we are satisfied that the automobile was skidding when the impact occurred. But it has been repeatedly said that "skidding accompanied by other evidence of road and traffic conditions apparent to the operator of a motor vehicle and his conduct in relation to the same may indicate negligent operation of such vehicle." *McKeague* v. *Henry Jenkins Transportation Co. Inc.* 323 Mass. 404, 405, and cases cited. And only recently it was said that it is "well settled that skidding may be caused or accompanied by negligence upon which liability may be predicated." *Costello* v. *Hansen,* 327 Mass. 264, 265. The evidence that the automobile came down a hill around a curve on a wet road at a speed of forty-five to fifty miles an hour would fully warrant a finding by the jury that the testator was negligent and that such negligence caused the skidding which ultimately brought about the collision. The jury likewise could have

found violations of G. L. (Ter. Ed.) c. 90, § 17,[1] in that it was travelling at a speed greater than was reasonable and proper and that it was going around a curve at a rate of speed exceeding fifteen miles an hour. Such violations would be evidence of negligence. *Regan* v. *Rosenmark*, 272 Mass. 256, 258. See *Vieira* v. *East Taunton Street Railway*, 320 Mass. 547.

We are of opinion too that upon this evidence the question of the contributory negligence of the bus operator was for the jury to decide. The defendant properly argues that the plaintiff had the burden of proving that the plaintiff's employee was not guilty of contributory negligence. *Mendolia* v. *White*, 313 Mass. 318, 321. *Prout* v. *Mystic Motor Trans. Co. Inc.* 317 Mass. 349, 350. *Ray's Checker Taxi, Inc.* v. *Blaisdell*, 319 Mass. 487, 489.[2] "The shortness in distance and time in which he [the bus operator] had to work must not be overlooked. The jury has said that . . . [he] was not negligent and we cannot say as matter of law that the plaintiff has not sustained the burden of proving that he was not." *Prout* v. *Mystic Motor Trans. Co. Inc.* 317 Mass. 349, 351–352. It follows therefore that the exceptions are sustained. The verdict for the defendant under leave reserved must be set aside and the original verdict for the plaintiff is to stand.

*So ordered.*

---

[1] For present statute see St. 1948, c. 564, § 1.

[2] See now St. 1952, c. 533.