CARLOS DESOUZA *vs.* JAMES D. ANGELAROUS & another. December 30, 1953. Order dismissing report affirmed. In this action of tort the judge found for the defendants. A report to the Appellate Division was dismissed and the plaintiff appealed. There was evidence of the following: The plaintiff entered the defendants' restaurant on the evening of April 29, 1950, for the purpose of purchasing a glass of beer. While he was there two patrons engaged in a fist fight which was followed by a heated argument. Fearing a resumption of the fracas, the plaintiff walked to the front of the restaurant to finish his glass of beer. At this point one of the participants in the quarrel hurled a glass ash tray at his adversary but it missed him and hit a cigarette machine beside which the plaintiff was standing. The tray was shattered and some of the fragments struck and injured the plaintiff. The sole question is whether the judge erred in denying the plaintiff's request that the evidence warranted a finding for the plaintiff. We assume in the plaintiff's favor that the evidence warranted such a finding. If so, the request ought to have been given unless it was made immaterial by findings upon the facts. *Bresnick* v. *Heath,* 292 Mass. 293, 298. There was no error. In dealing with the request the judge stated, "Denied as I find on all the evidence that the plaintiff has not sustained the burden of proving that the defendants or either of them failed to exercise reasonable or ordinary care for the safety of plaintiff in the circumstances in this case, which finding renders this request immaterial." We think it plain that this was a finding of fact that the defendants were not negligent and that it rendered the request immaterial. *Liberatore* v. *Framingham,* 315 Mass. 538, 541. *Connell* v. *Maynard,* 322 Mass. 245. *Horton* v. *Tilton,* 325 Mass. 79.

*Henry N. Silk, (Abraham Wekstein* with him,) for the plaintiff.

No argument nor brief for the defendants.