*Municiapl Court of the City of Boston*

No. 382220

**RUTH POLONSKY**

v.

**UNION FEDERAL SAVINGS & LOAN ASSOCIATION**

(January 19, 1955)

*Gillen, J.* This is an action of contract or tort to recover $1,182.44, a sum deposited in a savings account in the defendant bank on July 8, 1953.

At the trial there was evidence tending to show the following: On July 8, 1953 a joint savings account was opened at the defendant bank by the plaintiff's husband with a deposit of $1,182.44. The husband was given a signature card at the bank and instructed to have the plaintiff sign the card. This was done on July 14, 1953 and the said card was returned to the bank with the signatures of Ruth Polonsky, the plaintiff, and her husband, Morris Polonsky. A statement appears on the signature card that they signed. A bank book for the account was given to the plaintiff's husband. The inside cover of the book contained the following: "This Association shall not be held responsible for money paid out to any person unlawfully presenting this book."

The plaintiff testified that she never saw the book at any time. The plaintiff's husband placed said book

in a drawer in their home. In February or March of 1954 the plaintiff's husband discovered the book was missing. At once he went to the defendant association and was told by the defendant's employee that the $1,182.44 had been drawn out by the plaintiff on November 9, 1953. He was shown a withdrawal slip with a signature on it but he replied that it was not his wife's signature (the plaintiff Ruth Polonsky). The plaintiff also denied said signature on the withdrawal slip was hers and she also denied that the endorsement on the check that paid the $1,182.44 was hers.

There was further evidence from a teller of the defendant that on November 9, 1953 a lady presented herself at the defendant association with the said bank book. This lady said she was the plaintiff and wanted to draw out all the money in the account. The lady signed a withdrawal slip and gave it to the defendant's teller. The teller filled in the date, the amount and the account number. The teller then compared the signature on the withdrawal slip with the signature card and ordered a check drawn on the State Street Trust Company payable to Ruth Polonsky in the amount of $1,182.44. After the check was made out it was signed by the treasurer of the defendant association and the teller delivered it to the impostor. The impostor took said check to the State Street Trust Company and cashed it. A handwriting expert testified that the plaintiff had neither signed the withdrawal slip nor endorsed the check. The withdrawal slip and the signature card were both presented as exhibits.

The plaintiff filed several requests for rulings of law; some were granted and some were denied.

The trial judge held: "I find that the defendant Union Savings and Loan Association was not negligent and acted in good faith. I rule in accordance with *Wasilauskas v. Brookline Savings Bank,* 259 Mass. 215 that the by-law to which the plaintiff assented when account was opened denies her a right

to hold bank responsible for money paid out to one holding bank book unlawful I find that the defendant paid the check out to one who held the bank book unlawfully."

*The trial judge (Adlow, C. J.) found for the defendant.*

The plaintiff claims to be aggrieved by certain denials of rulings requested and by the voluntary ruling of the trial judge, viz: "*—the by-law to which the plaintiff assented when the account was opened denies her a right to hold the bank responsible for money paid out to one holding a bank book unlawfully.*"

A voluntary ruling of law may be reviewed.

The statement on the signature card which the plaintiff signed contains no reference to by-laws, nor are the by-laws of the association on this card. Nothing in the evidence reported indicates that the association had by-laws. Nor does it appear that if the association had by-laws they were introduced in evidence at the trial. It does not appear from the report that the bank book was in evidence at the trial. While certain of the plaintiff's requests for rulings of law refer to by-laws there are no by-laws in the report. It was apparently assumed that the statement on the inside cover of the book, viz: "This Association shall not be held responsible for money paid out to any person unlawfully presenting this book" was a by-law, but there is no evidence it was.

Granting for the sake of argument that the evidence warranted the conclusion of the trial judge that the association was not negligent in paying the impostor, we are still faced with the counts in contract.

It is not clear that the voluntary ruling relative to the effect of a by-law was intended to be applied to the counts in tort or contract or both. In short, we are in doubt as to how far reaching the effect of

this ruling, based on assumed evidence, controlled the final conclusion of the trial judge.

The facts in the instant case differ from those in *Wasilaukas v. Brookline Savings Bank*, 259 Mass. 215. The report does not show that the ultimate decision may not have been due to the voluntary ruling. *Bresnick v. Heath*, 292 Mass. 293, *O'Leary v. Hayden*, 325 Mass. 525.

In view of our decision it is not necessary to pass finally on the question of negligence.

*New trial ordered.*

A. Herbert Kabalas, for the plaintiff.

David H. Fulton, Weber, Rooney and Andrews, for the defendant.