*Northern District*

No. 4789

**MAYNARD R. BARTON**
v.
**JAMES KANE**

**EMILY BARTON**
v.
**JAMES KANE**

(June 21, 1955)

*Brooks, J.* Plaintiffs sue in tort in a consolidated action for personal injury and property damage arising out of a collision between plaintiff Emily Barton's automobile, driven by plaintiff, Maynard

Barton, and a snow plow driven by defendant for the Town of Tewksbury. (*McWalter, J.*)

According to testimony of Maynard Barton, he was driving along a straight, narrow road covered with four inches of snow. Hard banks of snow ran along both sides of the road. Plaintiff was driving 15 to 20 miles an hour and slowed down as the snow plow approached at 20 miles per hour from the opposite direction.

According to one of plaintiff's witnesses, the snow plow did not diminish speed. There was evidence that just before the collision the snow plow started to go up the snow bank on its right, then swerved over to its left, the blade of the plow passing by the front of plaintiff's automobile, then striking the left, rear door.

There was testimony that after the accident defendant said that it was his fault.

Defendant filed the following requests for rulings:

1. Upon all the law and evidence in this case the plaintiff is not entitled to recover and findings should be for the defendant for the following reasons:

a. There is no evidence of any negligence of the defendant in the operation of his snow plow.

b. The fact of skidding while operating at a reasonable speed is no evidence of negligence, where the snow plow struck a hidden object beneath the snow. See *Lamber v. Eastern Mass. St. Railway,* 240 Mass. 495.

c. The evidence that the defendant while operating a snow plow on a straight road at a speed of less than fifteen miles per hour struck a hidden object and skidded to his left, is no evidence of negligence. See *Herman v. Sladofsky,* 301 Mass. 534.

d. The plaintiff has failed to sustain his burden of proof.

2. The evidence is insufficient to warrant a finding for the plaintiff.

The court allowed rulings 1-b, 1-c, and denied rulings 1-a, 1-d, and 2.

The court made a finding to the effect that plaintiff was driving carefully and that defendant was driving faster than conditions warranted and that this was the cause of the accident. The court found for both plaintiffs.

There was evidence from which the court could properly find as it did. Mere skidding, if that is what occurred here, is not evidence of negligence. *Sherwood v. Radovsky*, 317 Mass. 307. However, slight evidence is sufficient to justify a finding of negligence. *McKeague v. Jenkins Trans. Co., Inc.*, 323 Mass. 404-405; *Costello v. Hansen*, 327 Mass. 264-265; *Interstate Busses Corp. v. McKenna*, 329 Mass. 1-3. In this instance, the speed of defendant's vehicle, its erratic course, the admission of defendant that the accident was his fault are all factors bearing on the question of negligence.

The court properly instructed itself on the law. There were no errors in the disposition of the requests for rulings. The findings of fact were warranted by evidence favorable to plaintiff.

*Report to be dismissed.*

Steinberg & McNiff, for the plaintiff.

Warren W. Allgrove, for the defendant.