*Northern District*

No. 4827

## ANNA PERRINO

v.

## JOSEPH MAYNARD

(August 31, 1955)

*Brooks, J.* This is an action of tort in which plaintiff seeks to recover damages caused to her automobile by defendant's truck. The answer is general denial and contributory negligence. (*McWalters, J.*)

The automobile was parked on the left side, that is to say the wrong side of Field Street near the corner of Alpine Street, Cambridge, while plaintiff, a nurse, was calling at a nearby house. Defendant was driving his truck down Alpine Street with the intention of turning right into Field Street. In order to slow down preparatory to making the turn, he

took his foot off the accelerator which stuck and the car gained speed. He turned off the ignition, applied the brakes and turned to the right into Field Street. In so-doing, he hit an icy spot on the road and skidded into plaintiff's automobile.

There were no vehicles approaching from any direction. There were icy spots on the street and defendant was proceeding cautiously up to the time he tried to turn in to Field Street. He had not had any previous trouble with the accelerator. It was agreed that plaintiff's automobile was parked in violation of a city ordinance.

At the close of the trial, defendant made the following requests for rulings:

1. Upon all the evidence, the defendant is entitled to a finding in his favor for the reason that the evidence establishes that no negligence of the defendant caused or contributed to the occurrence of the accident.

2. Skidding, in and of itself, is not evidence of negligence.

3. Upon all the law and evidence, the defendant is entitled to a finding.

4. The plaintiff may not recover because her automobile was illegally parked and that violation of law contributed to cause the accident.

The court allowed request No. 2 and denied requests Nos. 1, 3, and 4. The court made a general finding for plaintiff for $216 with interest from date of writ. The memorandum of decision contained the following: "I find from all the credible evidence that the defendant was negligent and his negligence was the sole cause of the accident."

The requests for rulings raise two issues:

1. Was defendant negligent?

2. Is plaintiff barred from recovery by her violation of city ordinance?

Skidding is not evidence of negligence. *Sherwood v. Radovsky,* 317 Mass. 307. However, slight evi-

dence of negligence will justify a finding of negligence. *McKeague v. Jenkins Trans. Co., Inc.,* 323 Mass., 404-405; *Costello v. Hansen,* 327 Mass. 264-265; *Interstate Busses Corp. v. McKenna,* 329 Mass. 1-3.

It is similar to the case of a rear end collision which without evidence of the surrounding circumstances is not evidence of negligence, "but slight evidence of the circumstances may place the fault." *Quimby v. E. Mass.* 1955 A.S. 789-791.

We are not prepared to say that the court in this instance was without justification in finding that defendant was negligent. He knew there were icy spots on the road. It should have occurred to him that with no cars approaching and his own car out of control it was safer for him to go straight ahead than to make a turn under circumstances where if he hit ice he would be likely to skid.

With regard to the effect of the violation of the city ordinance, such violations do not necessarily involve negligence. If the violation was merely a condition of the accident and not a contributing factor, the court was justified in finding that plaintiff was not contributorily negligent. *Cook v. Crowell,* 273 Mass. 356-358-359; *Jones v. N.Y.N.H. & H.R.R.,* 275 Mass. 139-143; *Bourne v. Whitman,* 209 Mass. 153-167.

In direction in which the parked car was headed in no way contributed to the accident. If it had pointed in the opposite direction so as to comply with the ordinance it would still have been struck by defendant's truck.

There being no error in the finding and rulings of the court, the report is to be dismissed.

Louis DiGiovanni, for the plaintiff.

Richard D. Gerould, for the defendant.