*District Court of Lawrence*

No. 181 of 1955

*Northern District*

No. 4968

## SAUL WALTER

v.

## SHAWSHEEN MANOR, INC.

(July 23, 1956)

*Brooks, J.* This is an action of contract to recover $1,649.21 for goods sold and delivered. The answer is a general denial, plea of payment, denial that defendant was a corporation, Statute of Frauds and Statute of Limitations.

Defendant runs a hotel in Andover, Mass., in which, under a written agreement, one William Wong operated a restaurant. This restaurant was located in a part of the hotel known as the Ming Room and was the only restaurant in the hotel. Business in the restaurant was conducted through a corporation known as Ming Tree, Inc. The premises were rented to Ming Tree, Inc., and there was a sign outside the room, but inside the building, which sign was owned by William Wong, reading, "Ming Room." There was also a sign outside the hotel which read, "Hotel-Restaurant-Cocktail Lounge." Defendant had a license to sell liquor in the restaurant.

Plaintiff supplied meat for the restaurant. It was originally ordered by William Wong. Thereafter, all meat purchased from plaintiff was ordered by employees of Ming Tree, Inc. The meat was delivered to the Shawsheen Manor for use in the Ming Room. It was always paid for in cash by William Wong.

There was evidence from the president of defendant corporation, one Colantino, that the restaurant was operated as a leased concession by Ming Tree, Inc., and William Wong, and that Shawsheen Manor, Inc. had never done any business with plaintiff, that Colantino did not know plaintiff and had never talked with him by telephone; also that Shawsheen Manor, Inc., had never received any invoices from plaintiff but had received one statement after the bankruptcy of William Wong.

There was evidence that plaintiff and Wong were well-known to each other and had carried on business at other restaurants operated by Wong prior to the establishment of the Ming Room at defendant's hotel and that both plaintiff and the president of defendant corporation dealt with Wong as the operator of the Ming Room.

At the trial the following question was put to a witness, the plaintiff, in direct examination by the plaintiff's attorney and was excluded upon objection of the defendant:

"Did you know that William Wong was not employed by Shawsheen Manor, Inc?"

By such question and answer thereto the party asking the same expected the answer:

"No."

The plaintiff requested that the said ruling be reported.

The following question was also put to a witness, the plaintiff, in direct examination by the plaintiff's attorney and was excluded upon objection of the defendant:

"As a result of your dealings with the Ming Room at Shawsheen Manor, and as a result of your visit to the premises, what did you believe William Wong's position was?"

By such question and answer thereto the party asking the same expected the answer:

"The manager of the dining room for Shawsheen Manor."

At the close of the trial plaintiff made the following requests for rulings:

1. The evidence warrants a finding for the plaintiff. (Denied)

2. The evidence does not warrant a finding for the defendant. (Denied)

3. An agency may be created by estoppel and that estoppel may be allowed on the ground of negligence or fault on the part of the alleged principal. (Allowed as abstract principle of law.)

4. The evidence warrants a finding that the defendant, by its conduct, put it in the power of William H. Wong, to hold himself out as the defendant's agent: that said Wong, using the power thus afforded him, induced the plaintiff to sell and deliver the goods on the defendant's credit, and the plaintiff did deliver the goods to the said Wong for which there is a balance due as alleged in the declaration. (Denied)

5. On all the evidence the court must find for the plaintiff on the grounds that the plaintiff sold and delivered goods, for which there is a balance due, as a result of the defendant's conduct, which put it in the power of William H. Wong to hold himself out as the defendant's agent. (Denied)

6. The evidence warrants a finding that William H. Wong was acting as an agent of the defendant in ordering and receiving the goods from the plaintiff. (Denied)

7. As a matter of law, on all the evidence, this court must rule that William H. Wong was the agent of the defendant in ordering and receiving the goods delivered by the plaintiff. (Denied)

8. The evidence warrants a finding that the defendant was negligent in allowing William H. Wong to conduct a concession on its premises under the name of the defendant and to order goods in the name of the defendant. (Denied)

9. The evidence warrants a finding that the defendant is estopped by its conduct to deny that William H. Wong was its agent. (Denied)

10. On all the evidence, the defendant is estopped to deny that the said William H. Wong was its agent on the grounds that by its conduct it was negligent in allowing said Wong to operate his business on the defendant's premises under the defendant's name and in so doing allowing said Wong the opportunity to induce the plaintiff to sell to said Wong on the defendant's credit. (Denied)

11. The evidence warrants the finding that the plaintiff acted as a reasonably prudent businessman in concluding that William H. Wong was authorized to order goods on behalf of the defendant. (Denied)

12. Where one of two innocent persons must sustain a loss, the law will place it upon the one whose conduct, either intentionally or negligently misleads the other. (Allowed as abstract principle of law)

13. The evidence warrants a finding that the plaintiff delivered merchandise, for which there is a balance due as alleged in the declaration, to William H. Wong at the defendant's premises. (Allowed if material.)

The court allowed plaintiff's requests for rulings Nos. 3, 12 and 13, and denied requests Nos. 1, 2, 4, 5, 6, 7, 8, 9, 10, 11. The court made the following finding: "Court finds for defendant."

The case comes to us on the exclusion by the court of the two questions and the denial of plaintiff's requests for rulings above specified.

For the purposes of this appeal, it is necessary to pass only on the correctness on the court's exclusion of the two questions and its denial of request No. 1.

Plaintiff's case depended on proving estoppel, —

namely that defendant had allowed Wong to appear to operate the restaurant as its employee, whereby defendant was estopped to claim Wong was not his agent. Plaintiff could not prove estoppel without satisfying the court that he was unaware of the actual situation, that is to say, restaurant operation by Wong entirely independent of the hotel. *Schiller v. Met. L. Ins. Co.*, 295 Mass. 169, 175.

The mere fact that a witness is testifying to his state of mind does not make his testimony inadmissible. *Omansky v. Shain*, 313 Mass. 129, 131; *C. v. Pelletier*, 264 Mass. 221, 225.

Both excluded questions were directed to this matter of estoppel. Plaintiff's offer of proof that he did not know that Wong was not employed by defendant, also that he believed Wong to be the manager of the dining room for Shawsheen Manor, if believed, would have satisfied the court on one important aspect of the claim of estoppel. In our opinion, the questions and answers should have been admitted. If admitted, they would, together with other evidence in the case, have laid a basis for a possible finding by the court for plaintiff.

The other evidence in support of plaintiff's claim was as follows: There was evidence that Wong requested plaintiff to deliver meat to defendant. There was evidence that Wong operated the Ming Room, the sole restaurant on defendant's premises without any indication that the Ming Room was not an integral part of defendant's hotel. There was no indication of separate ownership. There was a sign outside the hotel which read, "Hotel-Restaurant-Cocktail Lounge." There was evidence that plaintiff investigated the ownership of the premises and who held the license for the sale of liquor in the restaurant and that he learned that the premises were owned by and the license held by defendant. There was evidence that he billed defendant.

The first request was equivalent to a request for a ruling that there was evidence to warrant a finding for plaintiff. The court's denial of the request amounted to a ruling that the evidence in its most favorable light did not warrant a finding for the plaintiff. *Adams v. Boston El. Ry.*, 219 Mass. 515.

There was, in our opinion, evidence, particularly if the excluded questions and answers had been admitted, upon which a finding could have been made for plaintiff. Had the trial judge allowed the request but stated that nevertheless he was finding for defendant or had he filed a memorandum indicating the basis of his finding, the finding would have been proper. However, the judge's unqualified denial of the request without findings of fact, raised the presumption that he did not consider evidence which was contained in the report. *Bresnick v. Heath*, 292 Mass. 293, 298; *O'Leary v. Hayden*, 325 Mass. 525, 528. *DeSouza v. Angelarous*, et al, 330 Mass. 712. Under these circumstances, plaintiff is entitled to a new trial.

Judgment is to be vacated and the case remanded for a new trial.

Sheff and Gens, for the plaintiff.

Robert P. McDonald, for the defendant.