*Western District*

**ZAVEN DAGIRMANJIAN, ET UX**

**v.**

**PALSON, INC., ET AL**

*Present*: Garvey, P. J., Moore & Allen, JJ.

Case tried to *McCooey, J.* in the Second District Court of Southern Worcester. No. 6087.

Argued: June 16, 1965—Decided: July 30, 1965

*Allen, J.* This is an action of tort in which the plaintiff, Helen Dagirmanjian (Helen) seeks to recover for damage to her motor vehicle and the plaintiff, Zaven Dagirmanjian (Zaven), for personal injuries allegedly caused by the negligence of Jane Start (Start), an employee of defendant Palson, Inc. (Palson), while operating on business for Palson a motor vehicle owned by and registered to defendant, Auto Rental Corporation (Auto Rental). Defendants' answers were general denials and allegations of contributory negligence and violation of law.

The trial judge found Start was not negligent and entered findings for both defendants. The plaintiffs claimed a report alleging to be

aggrieved by the court's denial of some of their requests for rulings and alleging some of the specific facts found by the court were not warranted by the evidence. The plaintiffs seasonably filed 13 requests for rulings. The first 4 were that the evidence required findings for the plaintiffs as matter of law. The court denied these requests. Numbers 5 through 8 related to the law of bailment and were allowed. Number 9 requested the judge to rule that the vehicle operated by Start, being registered to Auto Rental, was *prima facie* evidence of the latter's responsibility for its operation. This was allowed. Numbers 10 and 11 are based on violation of the law and were allowed as being correct statements of law but were ruled immaterial in view of the facts found. Numbers 12 and 13 were based upon facts inconsistent with those found by the court and were therefore denied.

There was evidence Zaven was operating on business of his own a vehicle owned and registered to Helen which was in collision with a vehicle owned and registered to Auto Rental that was being operated by Start, an employee of and on business of Palson. That the accident occurred a few minutes after 5 P.M. on January 30, 1962 just as it was getting dark.

Start was traveling easterly, in a rural area, in Northbridge on a two lane public highway 17 to 20 feet wide and straight for several

hundred yards. In approximately the middle of the straightaway the road passes over a culvert and rises to a crest in about 30 to 50 feet and then descends for about the same distance. An operator approaching from either end cannot see the roadway beyond until he reaches the crest. There were icy patches along the road and this was known to Start, who, however, was not familiar with the locus. She approached the culvert at a speed of 20 miles per hour. There was an icy patch on the declining side and she skidded about 50 feet. Her vehicle came to rest beside a utility pole next to the roadway, at such an angle that the front wheels and front part of her car were about four feet off the road with the rear protruding to about the center of the road. She tried unsuccessfully to back it out onto the road.

One Frieswick, travelling on the same road, stopped his vehicle, facing westerly, in the southerly lane east of the Start vehicle. He drove up to the Start vehicle and left his headlights on. Within 10 minutes after Start's vehicle came to rest Frieswick saw light beams from Zaven's vehicle approaching from the east. He ran to the crest over the culvert and waved his lighted flashlight to signal Zaven, who was then 30 to 40 feet away and approaching at 30 to 35 miles per hour. Zaven did not see him or the light and continued without reducing his speed. Zaven first saw the Start vehicle when he was at

the crest over the culvert. He then applied his brakes, slid on the ice, collided with the Start vehicle.

■ We find no error in the rulings and decision of the trial judge. The trial judge's rulings are conclusive where, as here, there is valid evidence to sustain them. *Scire v. Scire,* 348 Mass. 768; *Piekos v. Bachand,* 333 Mass. 211.

■ The plaintiffs' first four requests (that the evidence *required* findings for the plaintiffs) were correctly denied. We cannot say as matter of law that Start was negligent. The judge found the speed and operation of her motor vehicle were reasonable and prudent under all the circumstances.

■ The judge found as a fact that Start was not negligent. *Perry v. Hanover,* 314 Mass. 167, 174, 175. In arriving at his finding it is apparent that he correctly instructed himself as to skidding. He recognized that skidding *alone* is not evidence of negligence. *Sherwood v. Radovsky,* 317 Mass. 307. But he also found that there were no "attendant circumstances indicative of failure to exercise due care," therefore in making his finding of fact he had in mind that "skidding accompanied by other evidence of road and traffic conditions apparent to the operator of a motor vehicle and his conduct in relation to the same *may,* (emphasis supplied) indicate negligent operation of such vehicle." *Interstate Busses Corp. v. McKenna,* 329 Mass. 1, 3; citing

*McKeague v. Henry Jenkins Transportation Co., Inc.*, 323 Mass. 404, 405.

The disposition of plaintiffs' requests numbered 10 and 11, relating to violation of law was correct. The judge found if there had been a violation that such violation was not causally connected to the accident. *Wallace v. Patey*, 335 Mass. 220; *Lackling v. Wiswell*, 318 Mass. 160, 165. It cannot be said as matter of law that Start's speed of 20 miles per hour was unreasonable. There was evidence Zaven or any person operating prudently had sufficient room to pass the Start motor vehicle as less than half the roadway was blocked. The report indicates another vehicle passed safely.

Requests numbered 12 and 13 were based upon facts inconsistent with those found, therefore it was not error to deny them. *Fain v. Fitzhenry Guptil Co.*, 335 Mass. 6; *DeSouza v. Angelarous*, 330 Mass. 712.

There being sufficient evidence to sustain the findings of the judge that Start was not negligent the report is to be dismissed.