WILLS v. THE ANCHOR CARTAGE & STORAGE CO. ET AL.

*Negligence—Automobile in nighttime collided with trucks stalled and obstructing highway—Duty of truck owners to display warning light to approaching traffic—Charge to jury upon contributory negligence erroneous—Not automobile passenger's duty to make suggestions to driver, when—Verdict for defendant truck owners against weight of evidence.*

1. Where truck skidded off slippery pavement and got stuck in mud at foot of hill, and another truck, attempting to go around it, also got stuck, so that highway was obstructed, there was imposed on owners of trucks duty to display warning light on both sides of obstruction in such manner that oncoming automobile traffic might be warned of impending danger.

2. It was not duty of automobile passenger, who was injured in collision of automobile with trucks obstructing highway, to interfere with driver in way of making suggestions, or otherwise, to be free from contributory negligence, unless something occurred which made it her duty to do so.

3. In action by automobile passenger for injuries sustained in collision of automobile with trucks obstructing highway, court erred in dwelling unnecessarily in his charge on contributory negligence of plaintiff, where record was silent as to facts showing negligence on her part.

4. In suit by automobile passenger for injuries sustained in

collision of automobiles with defendants' trucks accidentally obstructing highway at foot of hill in nighttime, where evidence showed that defendants did not properly guard obstruction, verdict for defendants *held* against weight of evidence.

(Decided November 1, 1926.)

ERROR: Court of Appeals for Cuyahoga county.

*Messrs. Anderson, Lamb & Marsteller,* for plaintiff in error.

*Messrs. Dustin, McKeehan; Merrick, Arter & Stewart,* for defendant in error Anchor Cartage & Storage Co.

*Mr. C. T. Rich,* for defendant in error Grennan Cake Co.

VICKERY, J. This cause comes into this court on a petition in error to the common pleas court of Cuyahoga county. In the court below the plaintiff, Anna H. Wills, brought an action to recover for damages by reason of a collision occurring when an automobile in which she was riding came in contact with trucks owned by the Anchor Cartage & Storage Company and the Grennan Cake Company, the two defendants. She was quite seriously injured and brought her action to recover a large sum of money. A verdict was rendered for defendants. A motion for a new trial was filed and overruled, and she prosecutes error to this court.

Several errors are complained of. The circumstances under which the plaintiff was injured were about as follows:

Plaintiff was a nurse and attended some entertainment in Cleveland on the night in question

in the early part of April, 1924, and left the entertainment early because she had to go back to Youngstown, where she lived, I believe, to which point she was being driven in an automobile owned by a man by the name of Arthur Moley. They got some dinner somewhere and started for Youngstown. They went to Chagrin Falls and from there along the Youngstown road, and when they got some 15 or 20 miles from Chagrin Falls the accident occurred.

At about this time the Anchor Cartage & Storage Company had a big truck with a trailer attached coming to Cleveland from Youngstown. The pavement at this place consisted of a paved strip 18 feet wide, perhaps in the center of the road, on either side of which was an embankment and a stretch of soft earth between the pavement and the embankment. This accident happened some time after midnight, about 1 o'clock in the morning. The driver of the truck, with the trailer attached, had stopped some distance, a mile or two from where the accident occurred, and put on some chains. It seems that where the accident occurred was a hill not so very high, but at the foot of this hill, the road being slippery, the truck skidded and went off to the west side of the street, the wrong side of the street, I should say, and the front wheel of the truck went over off the pavement into the mud on the west side of the pavement. The truck swung forward and across the street until it occupied a large portion of the paved street and was in the form of a jackknife half closed. So here was the truck facing north and west with the front wheels off the pavement in the soft mire, with the

trailer swung around, the hind end up almost parallel with the sunken part of the truck, in the form of a jackknife half closed, and it apparently occupied all the improved part of the street.

The truck driver, being left alone, found there was no way of extricating himself without harm. He was there for an hour and a half, and he says he went to a certain place, but whether he did so or not is immaterial to this suit. While he was standing in this position across the street, a truck belonging to the Grennan Cake Company, also coming from Youngstown towards Cleveland, came up and found the street obstructed by the truck of the Anchor Cartage & Storage Company, as above outlined. It stopped, and there being no way of getting this truck out of its predicament, and it, not desiring to delay, essayed to go to the right of the obstruction in the street made by the Anchor Cartage truck. As it was trying to do so, the two right wheels went into the soft mire, and the Grennan truck remained there, facing Cleveland with a front and hind wheel in the mire. It soon became apparent that it also was stuck and could not get out without help. Here was a complete blocking of the road. There was perhaps a distance of 4 or 5 feet between the two trucks, not wide enough for a car or anything to go through.

While the two trucks were in this position the plaintiff and Moley, riding in Moley's car, were coming from Cleveland and they were going probably at a high rate of speed. They had a right to believe that the road would be clear. However that might be, it is shown by the evidence that when they came to the crest of this hill they saw, after

they passed over the crest, this obstruction made by these two trucks, completely blocking the road and leaving no way to go by. Moley was driving the car and the plaintiff was a passenger in the car. As soon as he saw this obstruction he put on his brakes and the car skidded down the hill, and, doing the best he could under the circumstances, he tried to guide his car between the two trucks through this narrow place that existed between the two trucks. His car first struck one, and then the other, and the plaintiff was badly injured as a result. This action was accordingly brought.

At the trial of the action the defendants both pleaded that the plaintiff was guilty of contributory negligence and that therefore she could not recover. They pleaded that they were guilty of no negligence and therefore the plaintiff could not recover.

Among other allegations of negligence plaintiff alleged that the owners of the trucks failed to give proper warning of the obstruction of the street, and from this record one must conclude that, if there is negligence at all on the part of the defendants, or either of them, it is because they did not adequately warn the approaching automobilists of the danger that lay underneath the hill by reason of the obstruction of the highway by these two trucks occupying the highway in such a position that they could not be moved. The record shows that the trucks had headlights, and that white lights and a red lantern were upon the trailer of the truck owned by the Anchor Cartage & Storage Company, and that another red lantern was there likewise.

Now, what was the duty of the owners of these

trucks when a situation like the one outlined occurred, assuming they were guilty of no negligence in their respective trucks being caught as they were? Manifestly there was a blocking of the road. Manifestly the vehicular traffic along the road would not know of that blocking, and it would not be anticipated until a vehicle got practically upon the obstruction. Now it seems to us that the duty that was imposed upon the owners of these trucks was to display a warning light on both sides of this obstruction in such a manner that oncoming automobile traffic might be warned of the impending danger. Of course, it was submitted to the jury in a general way that if the defendants displayed lights they were not guilty of any negligence, but the court did not tell the jury what ought to have been done under circumstances like these.

But there is a more serious question than that. It must be remembered that the plaintiff was a passenger and had no control over the operation of the car. So far as appears from this record she was a stranger to the situation. She was merely a passenger riding from Cleveland to Youngstown with the owner and driver of the car. The court told the jury if there was a suggestion of negligence on her part, which contributed to the injury, then she had to remove that suggestion, otherwise she could not recover. Were it not for the decision of this court when it was a circuit court, which put its stamp of approval upon this sort of language, we should think it very questionable whether or not this was submitting the question properly to the jury; but, aside from that, the court charged the jury on the contributory negligence of the plain-

tiff in this action. In fact, many of the pages of a rather voluminous charge dwelt upon the question whether this plaintiff was guilty of contributory negligence, and there is not a thing in this record as to what she should have done, so far as we are able to discover.

We understand that when a passenger in an automobile becomes engaged in a joint enterprise and urges on the driver of the car, or does something which indicates that he participates in the misconduct, if there is misconduct on the part of the driver, that then, of course, such negligence may be attributed to him. But there is nothing of that sort in this record. At best it is silent. It is not shown that plaintiff urged Moley not to put on chains, if it was necessary to have them. It does not show that she urged him to drive fast, if he was driving fast. There is nothing in this record except of a negative character and we submit it is not the duty of the passenger to interfere with the driver in the way of making suggestions, or otherwise, unless something occurs which makes it her duty to do so.

We have no doubt that Moley was driving faster than 15 miles an hour. We have no doubt he was driving 40 or 45 miles an hour, but what of it? Here was a straight road, at midnight, when the traffic has a right to expect the road to be free, and driving at a high rate of speed on a road such as this would not of itself be negligence, and the travelers had a right to expect the road to be kept open. Now, under those circumstances, what duty was imposed upon the passenger to remonstrate with the driver? We think the verdict on

this question is wholly contrary to the weight of the evidence, and there is nothing to show the plaintiff was guilty of contributory negligence.

And, another thing, we infer this is what occurred in this lawsuit. Undoubtedly Moley was guilty of negligence in driving this car, especially when it comes to a question of this hill and seeing the lights below. The manner in which the charge was made by the court took the minds of the jury from the position of the plaintiff, who was a mere passenger, and put her in the shoes of Moley, the driver of the car, and it thus became a question as to whether Moley or the defendants were guilty of negligence. We think that under the circumstances the court erred in dwelling unnecessarily in his charge upon the contributory negligence of the plaintiff, and I say the method in which it was given is not to be approved, even though there is authority for it in our own court.

We think the verdict of the jury in this respect is clearly and manifestly against the weight of the evidence. We think the record in this case shows that the defendants were guilty of negligence in not properly guarding the obstruction that they had accidentally, of course, placed in the roadway, and we think that the plaintiff was guilty of no negligence and that the proximate cause of this injury, as shown by this record, was the failure to give proper notice of the obstruction that existed in the road. We think, at least, that the jury in finding otherwise found against the weight of the evidence.

We think, on the whole, that the judgment must

be reversed, the verdict set aside, and the case remanded for a new trial.

*Judgment reversed and cause remanded.*

LEVINE, P. J., and SULLIVAN, J., concur.