## FLEMING v HANNAN

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 11435. Decided May 4, 1931

HORNBECK, PJ, and KUNKLE, J (2nd Dist), and SHERICK, J (5th Dist), sitting.

William J. Corrigan, Cleveland, for plaintiff in error.

Hartshorn, Thomas & Abele, Cleveland, for defendant in error.

KUNKLE, J.

The record shows that at the time of this accident, John Fleming, Jr., the driver of the car in question, was a young man between seventeen and eighteen years of age. While there is some suggestion in the record as to his being younger than that, we think the testimony clearly shows that he lacked a few months of being eighteen years of age at the time of the accident.

The theory of plaintiff below was that the defendants below having permitted their automobile to be driven by their son, John Fleming, Jr., who was a minor, and wholly unskilled and inexperienced in the driving of an automobile such as the one in question, upon the public highways of the city of Cleveland, were guilty of negligence, which negligence was the proximate cause of the injuries received by the plaintiff below.

It is claimed by counsel for plaintiff in error with much force, that the record will not support a finding either that defendants below knew that their son had the car at the time in question or that he was an inexperienced and unskilled driver.

The record shows that the automobile in question belonged to the father. It further shows that at the time the young man took this automobile for the purpose of taking a ride, that the father was upstairs in the home asleep and did not know that the son had the car until after the accident in question. For this reason the lower court sustained a directed verdict in favor of the father.

Without attempting to quote the testimony we think the conduct of the driver of the car at the time of the accident as disclosed by different witnesses on pages 19, 20, 22, 23, 24, 25 and other parts of the record, shows that he was an inexperienced and incompetent driver. We think the jury were thoroughly justified in arriving at such conclusion from the testimony which was presented. The boy on page 159 attempts to explain his conduct in making the turn by saying he misjudged the distance.

On pages 35, 36, 64 and other places in the record, the conversation had by the plaintiff in error with the plaintiff below who was injured and the mother of plaintiff below, is set forth in detail.

The testimony of plaintiff below, and her

mother, as to admissions made by Mrs. Fleming when calling at their home shortly after the accident, is contradicted by Mrs. Fleming. What occurred at these several meetings, therefore, becomes a question of credibility of the witnesses and this question is peculiarly within the province of the jury rather than a reviewing court.

There is testimony in the record which would support a finding by the jury that the mother gave special permission to the son to drive the car at the time in question and there is also testimony from which we think the jury might fairly infer not only that the son was an inexperienced and incapable driver but that the mother had reason to know of such fact.

Without attempting to refer to all the testimony tending to show the facts in detail, the mother of the plaintiff below among other things (page 64 of the record) testified as follows:

"Q. And who is Margaret?

A. The daughter and she (meaning the defendant Margaret Fleming) said, 'In the meantime a friend came and took her home.' She (meaning the defendant Margaret Fleming) said, 'The boy was very much disappointed because he could not take the car' and she told him 'you take the car for a while but don't go into traffic.' That is what she said.

Q. Did she say whether or not it was a new car?

A. She said it was the first time he had driven that car and it was too big for him to manage."

Upon a consideration of the entire record we think there is testimony in the record which supports the finding of the jury and that the amount of the award is not excessive.

The trial court, in our opinion, fully and fairly presented the case to the jury for its consideration in the general charge.

Finding no error in the record which we consider prejudicial to plaintiff-in-error, the judgment of the lower court will be affirmed.

HORNBECK, PJ, and SHERICK, J, concur.