**HARRY HOLDER MOTOR CO. v. DAVIDSON (two cases).**

Court of Appeals of Kentucky.

Nov. 21, 1951.

Anderson & Anderson, and John B. Anderson, all of Owensboro, for appellant.

Clarence Bartlett, and Woodward, Bartlett, Hobson & McCarroll, all of Owensboro, Paul M. Basham, Hardinsburg, for appellee.

CLAY, Commissioner.

Appellees were injured when an automobile in which they were riding ran into a "wrecker" vehicle owned by appellant. A jury awarded each appellee damages.

This is a simple collision case, somewhat complicated by the parties' briefs which discuss numerous facts, points, and principles. The determining issue on this appeal concerns error in the instructions.

On a dark, rainy, foggy morning at about 3:30 a. m. appellee Thomas Davidson, accompanied by his wife and child, was driving his automobile south on state highway No. 75. He struck appellant's wrecker, then stationary, headed north, on Davidson's right hand side of the road. The wrecker was stopped in this position because its driver was engaged in attaching a towline to a disabled automobile, which had shortly before been pulled out of the ditch on that side of the highway.

The evidence in the case was directed to two principal questions: (1) whether or not appellant's driver unreasonably created a dangerous condition on the highway; and (2) whether or not any, or sufficient, lights gave warning of the wrecker's presence. Neither of these issues was presented to the jury.

Prior to 1950, no section of our statutes related specifically to wreckers on the highway. The trial court, in an attempt to cover this situation, selected certain statutory provisions pertaining to trucks in general, and incorporated them in instruction No. 1 defining appellant's duties. These duties were set forth in three subsections of the instruction, but unfortunately each encompassed an issue having no proper relationship to the cause of this particular accident.

Subsection (a), based upon KRS 189.070, set forth appellant's duties with respect to carrying on the wrecker, flares, electric lanterns and other signals. This requirement relates to emergency signals which must be available on the vehicle, not those in use. The cause of the accident was not affected by appellant's compliance or non-compliance with this statute.

Subsection (b), based upon KRS 189.340, defined appellant's duty to operate the wrecker on the right hand side of the road and not to pass to the left except under certain circumstances. Since the vehicle was not in motion and was not in the process of passing, the duty outlined had no bearing upon the proximate cause of the collision.

Subsection (c), based upon KRS 189.450(4) (e), advised the jury that the wrecker should not stop at any other point of the highway except on its right hand side where the point is less than 150 feet from the brow of a hill or where the view is otherwise obstructed for that distance. The place of this accident was on a straight level stretch of the highway, and no brow of a hill or other obstruction ahead of the wrecker interfered with the driver's view. This part of the instruction, therefore, presented another false issue wholly unrelated to the facts of the case.

The remainder of the instruction, and others relating to the different parties, declared that if appellant's employee violated one or more of the duties set forth under (a), (b) or (c), thereby causing the collision, the jury should find for appellees. This was obviously the most significant instruction given by the court, and the one upon which the jury must have returned the verdicts for appellees.

In view of the nature of this collision and the evidence, the jury would certainly have been justified in finding appellant negligent, and perhaps its members understood the real issues in the case. For this reason we would hesitate to reverse the judgment if the error in the principal instruction had been of a technical nature, or if a false issue presented could not be deemed prejudicial. However, the jury was given no instruction at all upon which it could intelligently determine the negligence of appellant; while appellant did offer one presenting the question of proper lighting.

It is evident that appellant's negligence, if any, consisted in either: (1) unreasonably obstructing the highway on the wrong side of the road; or (2) failing to give adequate warning to other travelers on the highway. The wrecker was an emergency vehicle engaged in an emergency operation. The duties of its driver should have been limited to that situation so that the jury could pass upon the merits of the controversy. The given instruction failed not only to thus limit the issues, but failed to submit them in any form at all. This was clearly such error as to require a reversal of the judgment and the granting of a new trial.

We are cognizant of the fact that giving a proper instruction in this case on appellant's duties was a difficult matter. The situation was not covered by a particular law or decision, and it was questionable what statutes, if any, controlled. Due undoubtedly to decisions rendered by this court from time to time, a conscientious trial judge hesitates to write into his instructions a simple, original, nontechnical statement of the essential duties governing liability. Perhaps our system is much at fault, and overemphasis is placed upon technicality and form rather than substance. A trial court should be encouraged, however, particularly in automobile accident cases, to limit the issues to those fundamental questions which arise out of the distinctive conditions developed

by the evidence, omitting statutory duties having no direct bearing on causation. With this in mind, if a new trial is had in the present action and the evidence is substantially the same, the instruction fixing appellant's responsibility should set forth its specific duties (only the last of which is statutory) as follows:

(a) not to stop on the traveled portion of the highway longer than a reasonable length of time,

(b) not to occupy more of the highway than was reasonably necessary,

(c) to reasonably warn approaching traffic of the obstruction by lights, flares, or other practical means suitable under the circumstances,

(d) to have at least two clearance lights to indicate the outside left limit of the wrecker, one light colored white or green, to be attached to or visible from the front of the wrecker, and one light colored red, attached to and visible from the rear, both lights to be visible for a distance of not less than 500 feet under ordinary atmospheric conditions.

We note in passing that the 1950 Legislature enacted KRS 189.040(6) which requires wreckers to display at the scene of an accident a yellow flashing light, but this statute was not in effect when the accident here involved took place.

We deem it unnecessary to discuss the other questions raised on this appeal as they relate to matters which may not arise on a new trial.

The judgments are reversed for consistent proceedings.