WILLIAM WALLACE & another *vs.* GILBERT PATEY.

Middlesex. November 5, 1956. — January 4, 1957.

Present: WILKINS, C.J., RONAN, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Negligence*, Violation of law, Motor vehicle, Contributory. *Motor Vehicle*, Lights.

In an action for personal injuries and property damage occurring when an automobile operated by the defendant ran into the rear of a truck parked at the side of the highway, in which the defendant in his answer pleaded contributory negligence but not violation of the statutes relating to lights and flares in connection with the truck as a separate defence in itself, the trial judge, after correctly charging the jury that violation of such statutes would be "some evidence" of negligence to be considered with other evidence thereof but would not be "conclusive at all," was in error in continuing his charge with the words, "except that when the violation . . . is a direct and contributing cause of an accident, then, of course, it isn't evidence of negligence. It is negligence in itself."

TORT. Writ in the Superior Court dated March 22, 1954. The action was tried before *Beaudreau*, J.

*Morris Michelson*, (*Benjamin Rudner* with him,) for the plaintiffs.

*Christopher W. Sloane*, for the defendant.

COUNIHAN, J. This is an action of tort, in the first count by William Wallace for personal injury and in the second count by Thomas Walsh & Sons, Inc., for property damage, as a result of the alleged negligent operation of an automobile by the defendant on December 11, 1953. The answer set up contributory negligence but did not set up violation of a penal statute as a defence. There was a verdict for the defendant on each count.

The action comes here upon exceptions of the plaintiffs to rulings on evidence, to the denial of requests for rulings, and to portions of the judge's charge. Because we are of opinion that part of the judge's charge was erroneous so that

there must be a new trial, we do not consider other excep-
tions which we think are not likely to arise at such new
trial.

There was evidence that the plaintiff Wallace was a
helper on a truck of the other plaintiff which had been
driven by one Doughty. The truck was returning from
Marlborough, where a load of coal had been delivered. When
in Sudbury on Route 20 it ran out of gasoline and Doughty
pulled it over to the right side of the road. When it came
to a stop its right side was off the road and parallel to it.
Its left side was partly on the roadway. It was then about
3:45 P.M. on a clear, bright day. Doughty left to get gaso-
line and Wallace remained seated on the truck. Sometime
thereafter the automobile driven by the defendant ran into
the left rear end of the truck and pushed it forward twenty
to twenty-five feet. Wallace was injured and the truck was
damaged.

At the time of the collision there were no lights on at the
left rear end of the truck which in certain circumstances are
required by G. L. (Ter. Ed.) c. 85, § 15, and c. 90, § 7.
Similarly no flares were set out as might be required by
G. L. (Ter. Ed.) c. 85, § 14B. These are penal statutes, the
first two of which require that every vehicle during the
period from one half hour after sunset until one half hour
before sunrise shall have attached to it a light or lights so
displayed as to be visible from the front and rear. The
rear light must be a red one. The third statute cited re-
quires that whenever any commercial vehicle having a gross
weight in excess of five thousand pounds, with exceptions
not here material, becomes disabled upon the travelled por-
tion of a highway the operator shall, during the time when
lights are required to be displayed on motor vehicles, set
out flares. The truck weighed six tons. The evidence as to
the time of the accident varied from 4:20 P.M. to 5:00 P.M.
On the day of the accident the sun set at 4:11 P.M. so that
the lights on the truck should have been on and flares set
out at 4:41 P.M.

As we view it the difficulty in this case is with that part

of the charge of the judge in which he was instructing the jury as to the effect of violation of the penal statutes above referred to on contributory negligence.

It was said in *Dean* v. *Leonard*, 323 Mass. 606, at pages 607–608, "Where a defendant relies upon illegal registration of the plaintiff's motor vehicle as a separate defence in itself, he must plead it, but even if he does not plead it as a defence in itself, if he has pleaded contributory negligence, he is entitled to have the jury consider illegal registration as evidence of the plaintiff's contributory negligence. . . . The fact of illegal registration, if proved, is not necessarily conclusive of negligence. That fact may be explained or controlled by other evidence, so that on the whole no negligence appears. . . . The doctrine that violation of law is negligence per se does not prevail in this Commonwealth." *Neil* v. *Holyoke Street Railway*, 329 Mass. 578, 581.

In the case at bar the judge charged, "It is for you to say whether or not these statutes were being violated by the operator of the motor truck on the day in question, and a violation of a penal statute is some evidence of negligence. It isn't conclusive at all, but it is some evidence for the jury to consider along with the other evidence to determine whether or not there had been any negligence on the part of the person who is accused of having been negligent." This was good law and if he had stopped there the plaintiffs could have had no complaint. *Baggs* v. *Hirschfield*, 293 Mass. 1, 3. But the judge continued, "except that when the violation of a penal statute is a direct and contributing cause of an accident, then, of course, it isn't evidence of negligence. It is negligence in itself."

We are of opinion that this last part of the charge was erroneous. As we have already said, violation of the penal statutes was not pleaded as a defence. It was open to the jury to consider such violation, if proved, as evidence of negligence, and if they found negligence and further found that it was a direct and contributing cause of the accident they would be warranted in finding for the defendant. Here, however, the jury might well have believed from the judge's

instructions that if they found that there was a violation of these penal statutes, or either of them, such violation without more amounted to negligence, whereas in law it is only evidence of negligence. The instructions complained of were an invasion of the province of the jury. To find negligence in any case the jury must find a violation of a duty owed by one party to others. In the case at bar the judge should have left it to the jury to determine whether violation of these statutes was a breach of a duty the plaintiffs owed to fellow travellers on the highway. They could determine this only by considering all the evidence, including the time of day the accident happened which was in dispute, the speed of the defendant's automobile, the force of the impact, and other relevant factors.

*Exceptions sustained.*