ANTHONY SCATENA *vs.* PITTSBURGH & NEW ENGLAND
TRUCKING
(and a companion case [1]).

Suffolk.   October 18, 1974. — December 5, 1974.

Present: HALE, C.J., ROSE, GRANT, & ARMSTRONG, JJ.

*Negligence,* Motor vehicle, Contributory.

In a tort action arising from a collision at night between a disabled truck blocking both lanes of a highway 250 feet from the crest of an icy hill and a second truck that had come over the hill from the opposite side, where there was conflicting testimony as to what, if any, warning signals were in operation before the collision, the question whether sufficient warning of the danger was given by the driver of the disabled truck was properly for the jury. [685-686]

Where there was conflicting testimony concerning the warning a truck driver approaching the crest of an icy hill had received before his truck collided with a disabled truck blocking both lanes of the highway on the opposite side of the hill, there was no basis to find him negligent as a matter of law. [686]

---

[1] Pittsburgh & New England Trucking *vs.* Dorn's Transportation, Inc., and Anthony Scatena.

Two ACTIONS OF TORT.   Writs in the Superior Court dated May 29, 1970, and January 5, 1971, respectively.

The actions were tried before *Faraci*, J., a District Court judge sitting under statutory authority.

*Frank P. Hurley (Ralph H. Willard, Jr.,* with him) for Pittsburgh & New England Trucking.

*Philander S. Ratzkoff (James F. Meehan* with him) for Anthony Scatena.

ROSE, J.   This is the consolidation of two cross actions in tort, growing out of a collision between two trucks. At the conclusion of all the evidence Pittsburgh & New England Trucking (P. & N.E.), the defendant in one case and the plaintiff in the other, filed motions for directed verdicts.   The motions were denied, and exceptions were taken.   The jury returned verdicts favorable to Scatena in both cases.   The issues presented to us are, first, was there sufficient evidence of negligence on the part of P. & N.E. to allow the case against it to go to the jury and, second, was negligence on the part of Scatena shown as a matter of law.[2]

The evidence was in conflict, but upon a motion for a directed verdict "we need only consider evidence favorable to the . . . [opposing party] from whatever source it came, including evidence more favorable to the . . . [opposing party] than that given by . . . [that party] himself.   If upon any reasonable view of the evidence there is found any combination of circumstances from which a rational inference may be drawn in favor of the . . . [opposing party], then there was no error in the denial of the motion . . . ." *Howes* v. *Kelman,* 326 Mass. 696, 697 (1951).   *Prout* v. *Mystic Motor Transp. Co. Inc.* 317 Mass. 349, 350-351 (1944).

Without directly considering the duty of care imposed by State statutes and Federal regulations requiring the

---

[2] An exception taken to the exclusion of a question asked at trial by counsel for P. & N.E. was waived at oral argument.

placement of flares,[3] the violation of which is only evidence of negligence and not negligence per se, *Harsha* v. *Bowles,* 314 Mass. 738, 741 (1943); *Wallace* v. *Patey,* 335 Mass. 220 (1957), we still find that a sufficient case of negligence was made out.

The evidence when viewed most favorably to Scatena was as follows. P. & N.E.'s tractor trailer was disabled during the nighttime and came to rest across both lanes of a two lane highway. It was about 250 feet from the crest of a hill, and those 250 feet of highway were covered by a glaze of ice. The driver of the P. & N.E. truck testified that a vehicle coming over the hill "wouldn't have a chance in the world" without a warning light. The testimony was in conflict as to which, if any, warning signals were in operation at the time Scatena, proceeding uphill from the opposite direction in another tractor trailer, approached the crest of the hill. Scatena himself testified that he saw flares placed along the side of the road adjacent to trucks stopped at the crest of the hill, but that the placement of these flares indicated to him that the trucks parked at the crest of the hill might be having trouble. Even more favorable to Scatena was testimony that no flares could be seen in the area from the top of the hill down to the disabled vehicle. Compare *Nickerson* v. *Boston & Maine R.R.* 342 Mass. 306, 313 (1961); *Byrne* v. *Dunn,* 296 Mass. 184, 187 (1936). It was properly a question for the jury whether any signals were in operation, and, if they were, whether they provided adequate warning of the certain

---

[3] Both G. L. c. 85, § 14B, and 49 C.F.R. § 392.22, as appearing in 33 Fed. Reg. 19733-19734 (1968), require the driver of a vehicle disabled on the traveled portion of a highway to place a warning signal in the *center* of the blocked traffic lane, although neither appears to provide expressly for the situation where both lanes of a highway are blocked. In addition, the Federal regulation specifies certain types of signal devices which, it is claimed, were not employed on this occasion.

danger that loomed over the hill. See *Smith* v. *Wattenburg,* 133 Cal. App. 2d 193, 198-199 (1955). There is a duty on the part of the driver of a disabled vehicle stopped in a traffic lane to do all that is required either by statute or by prudence to reduce the danger. See *Cronenberg* v. *United States,* 123 F. Supp. 693, 699 (E.D.N.C. 1954); *Wills* v. *Anchor Cartage & Storage Co.* 26 Ohio App. 66 (1926); *Pender* v. *Trucking Co.* 206 N.C. 266, 268 (1934); *Montgomery* v. *National Convoy & Trucking Co.* 186 S.C. 167, 174, 176-177 (1937); *Holder Motor Co.* v. *Davidson,* 243 S.W. 2d 926, 929 (Ky. App. 1951).

We also conclude that Scatena was not negligent as a matter of law. "Where from the facts which are undisputed or indisputable, or shown by evidence by which the plaintiff is bound, only one rational inference can be drawn and that an inference of contributory negligence or want of due care, then the question of due care or contributory negligence is one of law for the court and a verdict for the defendant should be directed." *Duggan* v. *Bay State Street Ry.* 230 Mass. 370, 379 (1918). *Joyce* v. *New York, New Haven & Hartford R.R.* 301 Mass. 361, 363-364 (1938). There was ample evidence, however, from which it could have been found that Scatena acted reasonably under the circumstances, and no basis to conclude that Scatena was negligent as a matter of law. Compare *Cutler* v. *Johansson,* 306 Mass. 466, 469-470 (1940).

*Exceptions overruled.*