**PFUND et al., Appellants,**

v.

**CIESIELCZYK et al., Appellees.**

[Cite as *Pfund v. Ciesielczyk* (1992), 84 Ohio App.3d 159.]

Court of Appeals of Ohio,
Fulton County.

No. 91FU000025.

Decided Dec. 4, 1992.

Glasser, P.J., filed a dissenting opinion.

*William M. Connelly* and *Michael A. Bonfiglio,* for appellants.

*Van P. Andres,* for appellees.

HANDWORK, Judge.

This appeal was filed to challenge the decision of the Fulton County Court of Common Pleas to grant summary judgment to three individuals who had been sued by appellants, Lee E. Pfund and Dawn Pfund, following an accident which resulted in serious physical injury to Lee Pfund and alleged loss of consortium for Dawn Pfund. One individual granted summary judgment was appellee William J. Ciesielczyk, the father of a permit-licensed teenage boy who was driving the car that struck Lee Pfund while he was mowing his lawn. The other two individuals granted summary judgment were appellee Jason A. Stubleski and appellee Chad A. Kuney, both licensed drivers, who were also teenagers, and who were riding as passengers in the car which struck Lee Pfund. After summary judgment was granted to appellees, the trial court filed a judgment entry finding no just cause for delay, allowing appellants to properly bring this appeal. The trial court also vacated the scheduled trial date for the temporarily licensed teenage driver and is holding the case in abeyance until this appeal is decided. During the pendency of this appeal, a notice was filed voluntarily dismissing the assignments of error and the appeal as it relates to appellee Chad A. Kuney. Accordingly, we will only consider the assignments of error and supporting arguments which relate to the father and the remaining licensed driver who was present in the car at the time of the accident.

Appellants present two assignments of error:

"A. The trial court erred when it granted summary judgment in favor of defendants Jason Stubleski, and Chad Kuney.

"(1) Pursuant to R.C. 4507.05, Stubleski and Kuney, as licensed passengers, had a duty to assist, instruct or supervise the permittee driver, Michael Ciesielczyk.

"(2) Stubleski and Kuney, as passengers, had a common law duty to warn Michael Ciesielczyk when he was recklessly operating the vehicle.

"(3) Stubleski and Kuney were engaged in a joint enterprise with Michael Ciesielczyk at the time of the accident.

"(4) Michael Ciesielczyk was acting as agent for Stubleski and Kuney at the time of the accident.

"B. The trial court erred when it granted summary judgment in favor of defendant William Ciesielczyk.

"(1) William Ciesielczyk negligently entrusted his vehicle to Michael Ciesielczyk at the time of the accident."

When considering whether a motion for summary judgment should be granted, courts in Ohio are governed by the provisions of Civ.R. 56(C), which states in pertinent part:

"Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to put one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

Keeping this standard in mind, we now review the arguments presented by the parties in this case.

The undisputed facts in this case are as follows. Appellee Ciesielczyk had a teenage son who had a temporary instruction permit for driving on April 22, 1990. A family-owned car was available for the son to drive, but he was instructed to drive only when he was accompanied by a licensed driver. The Ciesielczyk family attended church on the morning of April 22, 1990, and then returned home. The teenage son arranged to go to Wauseon, Ohio, with two of his friends to play in a pickup game of basketball that afternoon. He drove a short distance by himself

and picked up appellee Jason Stubleski. Appellee Stubleski was also a teenager, but was a fully licensed driver. He sat on the passenger side of the front seat of the car driven by the temporary permit driver while the two of them drove to the home of a third teenager, Chad Kuney. Chad had some videotapes to return to a rental store in Wauseon, so he brought them along so they could be dropped off after the friends were finished playing basketball. Chad, also a fully licensed driver and a teenager, was seated in the middle of the back seat in the car driven by the permit driver. Both Chad and appellee Stubleski were aware that the driver only had a temporary instruction permit for driving. Both Chad and appellee Stubleski testified in depositions that they had accompanied the permit driver before as licensed drivers and had previously given the permit driver advice about slowing down, watching for traffic, being careful on hills and staying within the proper lane. Neither Chad nor appellee Stubleski could recall whether they gave any advice or recommendations about driving to the permit driver on the day of the accident.

As the teens proceeded toward Wauseon, they crested a hill. A red car was observed by the permit driver in the oncoming lane. He testified he might have been over the centerline, but he was not sure, and he did not know how fast he was driving. In an effort to avoid the oncoming red car, the permit driver turned the steering wheel to the right. He lost control of his car, which left the roadway, entered appellant's yard and struck appellant Lee Pfund while he was mowing his lawn. Lee Pfund suffered several broken bones, including a number of vertebre, suffered a dislocated jaw, was nearly scalped and nearly had his tongue severed. He has required extensive medical treatment since the accident took place. Appellee Stubleski conceded during his deposition testimony that he had written a statement for the police officers at the scene following the accident in which he estimated that the car he was riding in was traveling seventy to seventy-five miles per hour and was left of center just before it crested the hill and the oncoming red car was seen.

 Turning first to appellants' second assignment of error, we consider whether the trial court erred when it ruled that as a matter of law, appellee Ciesielczyk was not liable for negligent entrustment of his vehicle. The Supreme Court of Ohio recognized as early as 1950 that a cause of action can exist against a car owner who negligently entrusts a motor vehicle to an incompetent driver. *Gulla v. Straus* (1950), 154 Ohio St. 193, 42 O.O. 261, 93 N.E.2d 662. The parameters of the cause of action were explained as follows:

"The owner of a motor vehicle may be held liable for an injury to a third person upon the ground of negligence if the owner knowingly, either through actual knowledge or through knowledge implied from known facts and circum-

stances, entrusts its operation to an inexperienced or incompetent operator whose negligent operation results in the injury." *Id.* at paragraph three of the syllabus.

Appellants allege that the standard established in *Gulla v. Straus* is met in this case. Appellants argue that appellee Ciesielczyk knew or should have known from facts and circumstances in this case that his son was an inexperienced or incompetent driver. To support these allegations appellants point to the following facts: (1) appellee Ciesielczyk knew his son was "young and inexperienced"; (2) appellee Ciesielczyk knew his son had only a temporary instruction permit; (3) appellee Ciesielczyk knew the licensed driver accompanying his son was a teenager who had not been licensed for a long period of time; (4) appellee Ciesielczyk did not personally know what level of driving skill or supervisory ability the licensed driver accompanying his son had; and (5) the fact that the accident occurred at all shows the son was an incompetent driver. Appellee Ciesielczyk counters by pointing out that his son had successfully completed a driver's education course, had passed his test and had received a temporary instruction permit, and had successfully driven without incident for over three months prior to the occurrence of the accident. In addition, testimony provided in the record demonstrates that the teenage son had driven farm machinery for several years. Appellee Ciesielczyk states that he did not know, nor did he have reason to know, that his son was an incompetent driver.

After carefully reviewing the record, this court concludes that the trial court did not err when it granted summary judgment to appellee Ciesielczyk. The tender age of a driver alone is not enough to demonstrate that the driver is incompetent. In each of the cases cited by appellants regarding the age of the driver, some evidence existed to demonstrate that not only was the driver young, but also somehow unfamiliar with the vehicle which was being driven when an accident occurred, or was unskilled in driving. See, *e.g., Elliott v. Harding* (1923), 107 Ohio St. 501, 502, 140 N.E. 338, 338; *Buckingham v. Gilbert* (1928), 29 Ohio App. 216, 219, 163 N.E. 306, 307; and *Fleming v. Hannan* (App.1931), 11 Ohio Law Abs. 152, 154. The factor of the driver's possessing only a temporary instruction permit is also insufficient in and of itself to demonstrate that the driver was incompetent. To rule otherwise would be to place every car owner who allows a person possessing a temporary learner's permit to practice driving with the owner's car in risk of automatic liability should the person possessing the temporary learner's permit be involved in an accident while driving the car. This court is not aware of any precedent in existence that imposes a duty on the owner of a car to verify the driving skill or supervisory ability of a licensed driver who agrees to accompany a person possessing a temporary learner's permit in the car owner's vehicle, nor is this court willing to create that precedent. Finally, this court rejects the implication that the occurrence of an accident automatically

establishes the incompetence of the driver involved in the accident. See *Gulla v. Straus*, 154 Ohio St. at 202, 42 O.O. at 266, 93 N.E.2d at 667. As to this assignment of error, there is no genuine issue as to any material fact; when construing the evidence in a light most strongly in favor of appellants, reasonable minds can only conclude that appellee Ciesielczyk is entitled to summary judgment as a matter of law. Appellants' second assignment of error is not well taken.

In their first assignment of error, appellants argue that the licensed driver who accompanied the permit driver is liable to appellants for the injuries they suffered. Four different bases for liability are advanced. First, appellants argue that the licensed driver breached a statutorily imposed duty. Second, appellants argue that the licensed driver breached a duty imposed by common law. Third, appellants argue that the licensed driver and the permit driver were engaged in a joint venture. Fourth, appellants argue that the permit driver was acting as the agent of the licensed driver. Each argument will be addressed separately.

The first basis advanced is a claim for the violation of a statutory duty. The statute upon which appellants rely to demonstrate the existence of a statutorily imposed duty on the licensed driver is R.C. 4507.05, which reads in pertinent part:

"The registrar of motor vehicles, or the deputy registrar, upon receiving from any person an application for a temporary instruction permit for a driver's license, may issue such a permit entitling the applicant, while having the permit in his immediate possession, to drive a motor vehicle other than a commercial motor vehicle, upon the highways when accompanied by a licensed operator who is actually occupying a seat beside the driver."

Appellants argued in the trial court and in this court that the existence of the requirement in the statute that a licensed driver be seated beside a permit driver before the permit driver may operate a motor vehicle in Ohio establishes a duty on the part of the licensed driver to assist, instruct, or supervise the permit driver. The trial court rejected appellants' argument and adopted the view advanced by appellee Stubleski, that the statute imposed an obligation only on the permit driver to ensure that the permit driver was accompanied. The trial court therefore granted summary judgment to the licensed driver, appellee Stubleski, after first stating in its opinion that to interpret the statute otherwise would require the trial court to engage in legislating. R.C. 1.47 guides Ohio courts attempting to interpret the meaning of the statutes. R.C. 1.47 states:

"In enacting a statute, it is presumed that:

"(A) Compliance with the constitutions of the state and of the United States is intended;

"(B) The entire statute is intended to be effective;

"(C) A just and reasonable result is intended;

"(D) A result feasible of execution is intended."

In addition, R.C. 1.49 applies to aid courts in construing ambiguous statutes and reads:

"If a statute is ambiguous, the court, in determining the intention of the legislature, may consider among other matters:

"(A) The object sought to be attained;

"(B) The circumstances under which the statute was enacted;

"(C) The legislative history;

"(D) The common law or former statutory provisions, including laws upon the same or similar subjects;

"(E) The consequences of a particular construction;

"(F) The administrative construction of the statute."

Keeping these guidelines in mind, this court concludes, contrary to the conclusion reached by the trial court, that the provisions of R.C. 4507.05 do result in a duty being imposed on a licensed driver who knowingly accompanies a permit driver and is seated beside the permit driver. The clear objective of the statute is to ensure that a permit driver is accompanied by a more experienced, licensed driver who can advise, assist and supervise the permit driver, therefore increasing public safety. Under common law in Ohio, courts have recognized that an obligation can exist on the part of a passenger to advise, instruct or supervise a driver. See, *e.g.*, *Bush v. Harvey Transfer Co.* (1946), 146 Ohio St. 657, 33 O.O. 154, 67 N.E.2d 851; *Richlin v. Gooding Amusement Co.* (1960), 113 Ohio App. 99, 17 O.O.2d 100, 85 Ohio Law Abs. 498, 170 N.E.2d 505. To construe the statute otherwise would be to render the requirement for a licensed driver meaningless, and would obviate the just and reasonable result intended by the legislature when it enacted R.C. 4507.05. The record presented to this court contains information indicating that appellee Stubleski sat in the passenger seat beside the permit driver knowing that the permit driver could not operate the car without a licensed driver next to him. The record also contains testimony showing that appellee Stubleski had assumed an obligation to advise, instruct and supervise the permit driver on previous occasions. Accordingly, a pattern was established whereby appellants could show that appellee Stubleski knowingly assumed the duty imposed by R.C. 4507.05. Furthermore, enough evidence exists to demonstrate that a question of fact remains whether appellee Stubleski breached the duty to advise, instruct and supervise the permit driver during the time period immediately preceding the accident which resulted in appellants' injuries. This

court makes no factual findings whether appellee Stubleski did breach the duty imposed by R.C. 4507.05 and whether any alleged breach was a proximate cause of appellants' injuries. However, because genuine issues of material fact remain in dispute, we find that the trial court improperly granted summary judgment to appellee Stubleski as to the existence of a potential violation of statutory duty, as we interpret R.C. 4507.05 to impose.

The next issue for consideration is whether a common-law duty existed requiring appellee Stubleski to give the permit driver instruction, advice, and supervision. Appellants have cited several cases in which Ohio courts have recognized that in some instances an obligation could exist for a passenger to give warning to a driver. See, *e.g., Bush v. Harvey Transfer Co.*, 146 Ohio St. at 670–672, 33 O.O. at 159–160, 67 N.E.2d at 858–859; *Richlin v. Gooding Amusement Co.*, 113 Ohio App. at 104, 17 O.O.2d at 102–103, 85 Ohio Law Abs. at 504, 170 N.E.2d at 509. Appellee Stubleski acknowledges that the case precedent does exist, but argues that the duty which was imposed at common law is limited and does not apply in this case. Appellee Stubleski points to language in the case law which demonstrates that the courts did not contemplate that an obligation would exist for a passenger to ordinarily instruct a driver about dangers, if the dangers were equally observable to the passenger and the driver, *Richlin v. Gooding Amusement Co.*, 113 Ohio App. at 104, 17 O.O.2d at 103, 85 Ohio Law Abs. at 504, 170 N.E.2d at 509, because to encourage a passenger to continually instruct a driver could amount to interference, see *Wills v. Anchor Cartage & Storage Co.* (1926), 26 Ohio App. 66, 72, 159 N.E. 124, 126. After carefully reviewing the cited case law this court agrees with appellee that any common-law duty which exists is limited. However, this court is not able to conclude as a matter of law that limited duty did not exist in this case. While Ohio courts have repeatedly recognized that a passenger ordinarily has no duty to utter instructions to a driver, the courts have also recognized that circumstances can occur which requires a deviation from that general rule. *Wills, op. cit.* If a situation of danger arises which is known to a passenger and is apparently unknown to a driver, if a reasonable person would speak out, the passenger must speak. *Richlin v. Gooding Amusement Co.*, 113 Ohio App. at 104, 17 O.O.2d at 103, 85 Ohio Law Abs. at 504, 170 N.E.2d at 509. In addition, if a passenger "discovers that the driver is unskillful, reckless, or has failed to perceive impending danger * * *," a duty arises to "see that the vehicle is properly operated." *Bush v. Harvey Transfer Co.*, 146 Ohio St. at 671, 33 O.O. at 159–160, 67 N.E.2d at 858. The testimony currently available through the depositions of the parties in this case indicates that the driver may not have been aware that he was exceeding the speed limit or that he was across the centerline, while appellee Stubleski apparently indicated to police officers at the scene at the time of the accident that

he was aware of those facts. Accordingly, summary judgment is not proper on this issue since some genuine issue of material fact does remain in dispute.

 The third issue raised by appellants under this assignment of error is an assertion that appellee Stubleski has some liability because he was engaged in a joint enterprise with the permit driver at the time the accident occurred. While clear criteria for establishing the existence of a joint enterprise under tort law in Ohio are somewhat difficult to discern, it appears that there must be an agreement between the parties to effect a common purpose which results in an equal right of the parties to operate or control "the movements of the vehicle in which they were riding." *Bloom v. Leech* (1929), 120 Ohio St. 239, 243–244, 166 N.E. 137, 138. Appellants assert that the requirements for a joint enterprise are established in this case. First, appellants point to the agreement of the friends to travel to Wauseon for a common purpose to engage in a pickup basketball game and to return a video to a video rental store. Second, appellants argue that because appellee Stubleski was accompanying the permit driver as a licensed driver, appellee Stubleski had an equal right of control to the vehicle. While this court has recognized that a duty does exist for a licensed driver knowingly accompanying a permit driver to advise, instruct and supervise the permit driver, we are not prepared to extend the duty to include a general requirement that the licensed driver be prepared to control the vehicle.[1] We agree with appellee Stubleski that in this case, no genuine factual dispute remains on the issue that he had no mutual right to control the vehicle. Accordingly, as a matter of law, no joint enterprise existed in this case. Summary judgment was properly granted as to this issue.

 The fourth and final issue raised by appellants under this assignment of error is an assertion that the permit driver was acting as appellee Stubleski's agent, thus giving rise to liability on the part of appellee Stubleski for the actions of the permit driver which resulted in injuries to appellant. The Supreme Court of Ohio has stated:

"[T]he test as to whether a person is the agent of another is the *right of control* of the one over the other." (Emphasis *sic.*) *Ross v. Burgan* (1955), 163 Ohio St. 211, 219, 56 O.O. 218, 221, 126 N.E.2d 592, 596.

This court has already determined that appellee Stubleski did not have the right of control over the permit driver in this case. Accordingly, appellants' argument that the permit driver was acting as an agent for appellee Stubleski

---

1. While some exigent circumstances could possibly arise in a particular case demonstrating that a reasonable person would demand that the permit driver cease operation of the vehicle and give control to the licensed driver, the record in this case does not demonstrate that type of situation.

must fail. Summary judgment granted on this issue was proper. Appellants' first assignment of error is well taken in part, and not well taken, in part.

The judgment of the Fulton County Court of Common Pleas granting summary judgment to appellee Ciesielczyk on the issue of negligent entrustment is affirmed. The judgment of the Fulton County Court of Common Pleas granting summary judgment to appellee Stubleski on the issues of joint enterprise and agency is affirmed. The judgment of the Fulton County Court of Common Pleas granting summary judgment to appellee Stubleski on the issues of the violation of a statutory duty and common-law negligence is reversed. This case is remanded . for further proceedings consistent with this opinion. Appellants and appellee Stubleski are ordered to each pay half of the costs of this appeal.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

SHERCK, J., concurs.

GLASSER, P.J., dissents.

GLASSER, Presiding Judge, dissenting.

While I concur in other portions of the opinion, I dissent with regard to Assignment of Error I, where a statutory duty is imposed on a licensed driver/passenger accompanying and seated beside a temporary permit holder who is operating a motor vehicle.

The opinion finds that R.C. 4507.05 imposes a duty on a licensed driver who knowingly accompanies and is seated beside the temporary permit driver, although this section contains no specific language as to any duty on the licensed driver/passenger. A review of the statutes concerned with statutory construction, particularly R.C. 1.49, indicates that if a statute is ambiguous, then the court may consider the "object sought to be attained." An examination of R.C. 4507.05 does not reveal the presence of any ambiguity, nor does the majority make such finding, yet the opinion proceeds to consider the "clear objective of the statute." This decision attempts to accomplish what the legislature declined to do.

If the legislature intended to create the duty promulgated by the majority, it would have added language to R.C. 4507.05 as it did in a comparable statute, R.C. 4506.06, which states in relevant part:

"The holder of a commercial driver's temporary instruction permit may, unless otherwise disqualified, drive a commercial motor vehicle when having the permit in his actual possession and accompanied by a person who holds a valid commer-

**170**

cial driver's license valid for the type of vehicle being driven and *who occupies a seat beside the permit holder for the purpose of giving instruction in driving the motor vehicle * * *."* (Emphasis added.)

Considering the established guidelines for statutory construction, the language of R.C. 4506.06 and the absence of a prescribed specific course of conduct in regard to the licensed driver/passenger in R.C. 4507.05, I do not agree that the statute imposes a duty on the licensed driver/passenger who accompanies a temporary permit driver who is not operating a commercial vehicle. For this court to find such a duty it is necessary to engage in the act of legislating, which the trial court properly declined to do.