Nick Vajda appeals from an order of summary judgment entered by the common pleas court in favor of Leroy Drellishak and his daughter, Christiane Drellishak, in connection with injuries Vajda sustained when the U-Haul truck that Leroy rented and Erin Neal, an unlicensed driver, drove, struck his motorcycle at the intersection of Lorain Avenue and Bosworth in Cleveland, Ohio. Vajda complains on appeal that the trial court erred because material issues of fact exist concerning whether Leroy negligently entrusted the U-Haul to Erin and whether Leroy, Christiane, and Erin were engaged in a joint enterprise.
After a review of the record presented to us in this case, we have concluded that the assignments of error are not well taken, and therefore, we affirm the decision of the trial court.
The record before us reveals that on October 1, 1995, Leroy leased a U-Haul truck to assist his daughter and Neal move from a two-family home they shared with her sister, Erica Neal, on Cohasset Avenue in Lakewood, Ohio. Leroy, Christiane, and Neal packed some of Christiane's possessions at Leroy's house, and then packed the remainder of her belongings at the house she shared with Erin, Erin's son, and Erica. Afterwards, Leroy backed the U-Haul in the driveway and planned to help Christiane and Erin unload it at their new address the following day. Leroy left the keys with Christiane. The next day after returning home from work, Christiane learned of Neal's arrest arising out of motor vehicle collision with Vajda.
Vajda sued the Drellishaks and Neal alleging negligent entrustment and joint enterprise. Leroy and Christiane filed motions for summary judgment, which the court later granted. Vajda now appeals from that judgment and raises two assignments of error for our review.
The first assignment of error states:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN DEFENDANT LEROY DRELLISHAK'S FAVOR WHEN THERE WERE GENUINE ISSUES OF MATERIAL FACT AS TO WHETHER HE NEGLIGENTLY ENTRUSTED THE U-HAUL MOVING VAN TO ERIN NEAL.
Vajda argues Leroy impliedly gave Neal permission to use the U-Haul because he provided Christiane with the keys and failed to caution them against driving it. Only Leroy addresses this argument and maintains that he did not entrust the U-Haul to Neal or give her permission to drive it. The issue then concerns whether the trial court erred when it granted Leroy's motion for summary judgment concerning negligent entrustment.
Civ.R. 56(C) concerns summary judgment and provides in part:
 * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, it any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
Civ.R. 56(E) provides in relevant part:
 * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.
In reviewing a motion for summary judgment, the court must construe the evidence and all reasonable inferences drawn therefrom in a light most favorable to the party opposing the motion. Morrisv. Ohio Cas. Ins. Co. (1988), 35 Ohio St.3d 45; Harless v. WillisDay Warehousing (1978), 54 Ohio St.2d 64.
In Dresher v. Burt (1996), 75 Ohio St.3d 280, the court stated at 293:
 * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. * * * If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden * * * to set forth specific facts showing that there is a genuine issue for trial and, it the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.
Thus, on their motions for summary judgment, Leroy and Christiane must establish that after construing the evidence in a light most favorable to Vajda, no genuine issue of material fact exists and that it is entitled to judgment as a matter of law.
To defeat a motion for summary judgment on his negligent entrustment claim, Vajda must establish a prima facie as demonstrated in Gulla v. Straus (1950), 154 Ohio St. 193, at paragraph five of the syllabus:
 In an action against the owner of a motor vehicle for injury arising from its entrustment for operation, the burden is upon the plaintiff to establish that the motor vehicle was driven with the permission and authority of the owner; that the entrustee was in fact an incompetent driver; and that the owner knew at the time of the entrustment that the entrustee had no driver's license, or that he was incompetent or unqualified to operate the vehicle, or had knowledge of such facts and circumstances as would imply knowledge on the part of the owner of such incompetency.
In this case, the record reveals Leroy did not know Neal and assumed her to be 19 years old, the same age as his daughter, Christiane. He left the keys to the U-Haul, which had been parked in the driveway on Cohasset Avenue in Lakewood, Ohio, with Christiane. He admittedly did not speak with Neal concerning the truck. However, the record contains conflicting testimony as to whether he instructed Christiane not to drive it of let anyone else drive it. Even though the keys to the truck were readily accessible to Neal, the record further reveals that Neal had never used, borrowed, or taken Christiane's car even when the keys had been available. There is no evidence that Leroy entrusted the keys to Neal or gave her permission or authority to drive the truck or that he knew she did not have a driver's license or that she was not competent to drive the vehicle. Thus, the court did not err when it granted Leroy's motion for summary judgment. Accordingly, this assignment of error is not well taken.
The second assignment of error states:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN DEFENDANTS' FAVOR WHEN THERE WERE GENUINE ISSUES OF MATERIAL FACT AS TO WHETHER DEFENDANTS ARE LIABLE ON THE BASIS OF A JOINT ENTERPRISE.
Vajda argues that either Leroy, Christiane, and Neal or Leroy and Christiane had an implied agreement to move Christiane and Neal's possessions as well as equal control of the U-Haul, thereby effectuating a joint enterprise. Leroy and Christiane address this argument and maintain they did not enter into a business enterprise with Neal or give her permission to drive the U-Haul. The issue then concerns whether the trial court erroneously granted Leroy and Christiane's motions for summary judgment regarding joint enterprise.
In Pfund v. Ciesielczyk (1992), 84 Ohio App.3d 159, the court defined a joint enterprise as follows:
 While clear criteria for establishing the existence of a joint enterprise under tort law in Ohio are somewhat difficult to discern, it appears that there must be an agreement between the parties to effect a common purpose which results in an equal right of the parties to operate or control "the movements of the vehicle in which they were riding." Bloom v. Leech (1929), 120 Ohio St. 239, 243-244, * * *.
In this case, the record reveals Leroy rented the U-Haul, drove it, and helped Christiane and Neal load their possessions into it to facilitate their move the next day. He then gave the keys to Christiane who left them accessible to Neal. The following day, at the time of the accident, Neal and a female friend had possession of the U-Haul. Leroy and Christiane were not in the truck, did not know Neal had the vehicle, and, thereby, did not have an equal right to operate or control the vehicle. Therefore, Neal was not engaged in a joint enterprise with Leroy and Christiane as defined in Pfund at the time of the accident, and the trial court did not err when it granted their motions for summary judgment. Accordingly, this assignment of error is not well taken.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES M. PORTER. A.J., and PATRICIA A. BLACKMON. J. CONCUR.
 _________________________ TERRENCE O'DONNELL JUDGE