DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Jennifer Harrison, appeals from an order of the Akron Municipal Court granting judgment in favor of Appellee, Jerry Brown, and awarding him $3,000 in damages. We reverse.
 I. {¶ 2} On April 25, 2004, Appellant spent the evening socializing with several individuals at a house at 563 Whitney Avenue, Akron, Ohio. Neither party disputes that the house was known for drug activity. At some point during her stay, an unidentified individual left the house with Appellant's car keys, proceeded to her car and attempted to drive it away. Appellant claims she did not know the individual and attempted to stop him as he pulled away from the curb. Appellant was dragged by the car and sustained injuries when her vehicle struck Appellee's parked truck.
 {¶ 3} Appellee filed suit against Appellant on May 14, 2004 in Akron Municipal Court asserting a claim of negligent entrustment. Appellee also included as defendants Mark Hlivko, the title owner of the vehicle, and Safe Auto Insurance Co. At issue below was whether the Appellant entrusted the keys or whether the unidentified individual took the keys and the car without Appellant's permission. The case was tried to the bench on September 13, 2004. Officers Statnoher and Mallard of the Akron Police Department and neighbors Arlene Malone, Robert Clay, Celeste Brown, Terry Latson, and Beatrice Boyd testified on Appellee's behalf. Appellee also took the stand. After Appellee rested his case, Appellant moved for a directed verdict on the negligent entrustment claims against Mark Hlivko and Safe Auto Insurance. The trial court granted the motion with respect to Hlivko. Appellant then took the stand. The trial judge found for Appellee and against Appellant, awarding $3,000 in damages and costs. Appellant timely appealed. On December 13, 2005, this Court dismissed the appeal and remanded the matter to the trial court on motion for a final, appealable order, finding that the claims against Safe Auto Insurance had not been resolved. The trial court then issued a final, appealable order. Appellant timely appeals from that order, raising two assignments of error for our review.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT ERRED IN FINDING [APPELLANT] NEGLIGENTLY ENTRUSTED HER VEHICLE TO THE TORTFEASORS."
 {¶ 4} In her first assignment of error, Appellant argues that the trial court erred in finding she negligently entrusted her vehicle to the tortfeasors. We are mindful that an Appellant's assignment of error provides a roadmap for the Court's analysis of the municipal court's judgment. See App.R. 16. We construe Appellant's assignment of error to present a challenge to the sufficiency of the evidence presented at trial.
 {¶ 5} A challenge to the sufficiency of the evidence tests whether the evidence introduced at trial is legally sufficient or adequate as a matter of law to support a verdict. See State v.Thompkins (1997), 78 Ohio St.3d 380, 386 (Cook, J., concurring). When considering a challenge to the sufficiency of the evidence, the court must determine whether the plaintiff has met its burden of production, while a manifest weight challenge requires the court to examine whether the plaintiff has met its burden of persuasion. Id. at 390. A civil judgment is based upon sufficient evidence if it is supported by some competent, credible evidence going to all the essential elements of the case. See SeasonsCoal Co. v. Cleveland (1984), 10 Ohio St.3d 77.
 {¶ 6} To prevail on a claim of negligent entrustment, a party must establish that the owner of the vehicle "knowingly, either through actual knowledge or through knowledge implied from known facts and circumstances, entrusts its operation to an inexperienced or incompetent operator whose negligent operation results in the injury." Pfund v. Ciesielczyk (1992),84 Ohio App.3d 159, 163-64, quoting Gulla v. Straus (1950),154 Ohio St. 193, 193-194 at paragraph three of the syllabus. Further,
"[i]n an action against the owner of a motor vehicle for injury arising from its entrustment for operation, the burden is upon the plaintiff to establish that the motor vehicle was driven with the permission and authority of the owner; that the entrustee was in fact an incompetent driver; and that the owner knew at the time of the entrustment that the entrustee had no driver's license, or that he was incompetent or unqualified to operate the vehicle, or had knowledge of such facts and circumstances as would imply knowledge on the part of the owner of such incompetency." Gulla, 154 Ohio St. 193, at paragraph five of the syllabus.
 {¶ 7} Appellant asserts Appellee is without proof that she entrusted her vehicle. We agree. In this case, Appellee provided no witnesses to the morning's events who stated that the driver had Appellant's permission to operate the vehicle. The facts and circumstances further suggest that the driver did not have Appellant's permission. Appellant testified, and a witness corroborated, that she insisted the unidentified individual give her car back. Appellant then held onto the steering wheel and car door as the unidentified driver slowly pulled away from the curb. Appellant was pinned between her car and Appellee's parked vehicle, sustaining extensive physical injuries as a result. Appellant's resistance is dispositive of the conclusion that the driver did not have Appellant's permission to take, and concomitantly that Appellant did not entrust, her car.
 {¶ 8} Appellant further argues that Appellee failed to produce any evidence that she knew, or had any reason to know, that the driver would negligently operate the vehicle, or that he was an incompetent driver. The trial court stated, in relevant part:
"Because the three men were spending time in a drug house, it was very reasonable for Defendant Harrison to conclude that they could be under the influence of drugs. Also it was reasonable for the Defendant Harrison to conclude that the three men could become involved in an accident while driving her vehicle[.]"
 {¶ 9} Even assuming Appellant had entrusted her vehicle, there was no evidence indicating that Appellant knew the driver was incompetent, inexperienced or reckless. Alternatively, even if Appellant had previously entrusted her vehicle to the unknown individual, the undisputed facts support the conclusion that she subsequently revoked such permission at the time she confronted the driver. See State v. Ross (1992), 63 Ohio St.3d 585, 589. Appellant attempted to take control of the steering wheel from the driver and sustained severe personal injuries attempting to reclaim her car. Appellant's admission that she was in a drug house using drugs fails to establish that the driver was also using drugs and therefore incompetent to drive.
 {¶ 10} After careful review of the record, we conclude that the trial court's conclusion that Appellee established negligent entrustment was not supported by competent, credible evidence going to all the essential elements of the case. Accordingly, Appellant's first assignment of error is sustained.
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT ERRED IN AWARDING DAMAGES NOT SUPPORTED BY THE EVIDENCE AND IN EXCESS OF THE VALUE OF [APPELLEE'S] VEHICLE."
 {¶ 11} Because we sustain Appellant's first assignment of error, we need not reach Appellant's second assignment of error. Appellant's second assignment of error is overruled.
 III. {¶ 12} Appellant's first assignment of error is sustained. Appellant's second assignment of error is overruled. The judgment of the Akron Municipal Court is reversed and remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Slaby, P.J. Carr, J. Concur.