DARULIS, Appellant,

v.

PENNELL et al., Appellees.

[Cite as *Darulis v. Pennell* (1996), 113 Ohio App.3d 168.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17654.

Decided July 31, 1996.

*Mark Darulis, pro se.*

*Salvatore Puglisi,* for appellee, John Pennell.

---

BAIRD, Presiding Judge.

Plaintiff–appellant, Mark Darulis, presents this appeal from the judgment rendered in the Akron Municipal Court. Darulis had filed a claim for negligence against defendant-appellee, John Pennell, and a claim for negligent entrustment against defendant-appellee, John McCollough. The matter was tried before a judge, who found in favor of Darulis with respect to the negligence claim, and in favor of McCollough with respect to the negligent entrustment claim. The trial court awarded Darulis compensatory damages against Pennell, but did not award punitive damages as requested by Darulis.

The litigation stems from events which occurred on March 27, 1993. Darulis, a cab driver, was driving north on Main Street in Akron, Ohio. A maroon pickup truck, driven by Pennell, was proceeding southbound on Main Street. The pickup crossed the center line and turned left in front of Darulis, cutting Darulis off and forcing his cab into a telephone pole. Pennell fled the scene in the pickup, but crashed just around the corner and was apprehended by police. Pennell was later convicted of driving while intoxicated and leaving the scene of an accident. Darulis, who was injured in the incident, sought and received medical treatment. Darulis later filed the instant action, naming both Pennell and the owner of the pickup, McCollough, as defendants.

The trial court found that Pennell was liable on Darulis's negligence complaint, and awarded Darulis $300 in compensatory damages. Darulis's complaint had also requested the sum of $9,000 in punitive damages from Pennell. The trial court determined that Darulis was prohibited from recovering punitive damages in this action. The trial court further found that Darulis had presented no evidence of negligent entrustment on the part of McCollough, and dismissed that portion of the complaint. Darulis now appeals, presenting two assignments of error.

## I

"The trial court erred by ruling Ohio law prohibits the awarding of punitive damages against a drunk driver fleeing the scene of an accident."

In his first assignment of error, Darulis contends that the trial court improperly determined that he was not eligible to be awarded punitive damages. After finding Pennell negligent and awarding Darulis compensatory damages, the trial judge stated:

"Punitive damages is a award of money to punish the Defendant for the alleged wrongful conduct. Although it may some day change, at the present time our negligent action is based merely upon the concept of negligence—one party failing to discharge a prescribed duty, oath to another.

"The fact that the Defendant was driving drunk and may have left the scene of the accident, does not, under current Ohio law, allow an award for punitive damages. In other words, we cannot award an amount of money to punish the Defendant for that conduct in civil proceedings. * * * We're confined in our activities to award for compensatory damages. * * * I cannot give you any award for punitive damage to punish the Defendant for his leaving the scene of the accident. Or, for driving drunk in a civil action. It's merely based upon a negligent concept."

■ Darulis contends on appeal that the interpretation of Ohio law by the trial judge was incorrect. We agree. In *Preston v. Murty* (1987), 32 Ohio St.3d 334, 512 N.E.2d 1174, syllabus, the Supreme Court of Ohio held that actual malice, which is a requisite component of any claim for punitive damages,[1] may be shown either by demonstrating that a defendant possessed (1) that state of mind characterized as evincing hatred, ill will, or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons which results in a great probability of causing substantial harm.

---

1. See R.C. 2315.21(B).

In *Cabe v. Lunich* (1994), 70 Ohio St.3d 598, 601, 640 N.E.2d 159, 162, the Supreme Court of Ohio, citing *Preston*, held that the second variety of "actual malice" includes "extremely reckless behavior revealing a conscious disregard for a great and obvious harm." The court further stated:

"We are convinced that the conduct of drinking and driving may well, under the circumstances of each individual case, constitute the kind of reckless, outrageous behavior justifying a jury to conclude that the defendant possessed a willful indifference to the rights and safety of others justifying an award of punitive damages." *Id.* at 602, 640 N.E.2d at 162–163.

Clearly, Ohio law *does* permit an award of punitive damages in drunk-driving actions; whether a particular plaintiff is entitled to them, or, more properly, whether a particular defendant is liable for them, is a question to be resolved by the trier of fact.[2] The trial court in this case does not appear to have determined that the facts of the case did not warrant such an award; rather, the trial court's language indicates a belief that such awards were categorically prohibited.[3] As we have discussed, this is not an accurate characterization of Ohio law. Appellant's first assignment of error is sustained.

## II

"The trial court erred by ruling there was no wrongful entrustment."

Count II of Darulis's complaint alleged negligent entrustment on the part of John McCollough. Specifically, Darulis claimed that McCollough negligently permitted Pennell to drive the pickup.

" 'The owner of a motor vehicle may be held liable for an injury to a third person upon the ground of negligence if the owner knowingly, either through actual knowledge or through knowledge implied from known facts and circumstances, entrusts its operation to an inexperienced or incompetent operator whose negligent operation results in the injury.' " *Pfund v. Ciesielczyk* (1992), 84 Ohio App.3d 159, 163–164, 616 N.E.2d 560, 563, quoting *Gulla v. Straus* (1950), 154 Ohio St. 193, 42 O.O. 261, 93 N.E.2d 662, paragraph three of the syllabus.

As the trial court noted, Darulis presented no evidence whatsoever that McCollough knew, or had any reason to know, that Pennell would negligently operate the pickup or that he was an incompetent driver. Darulis did not even

---

2. Punitive damages may not be awarded in the absence of actual damages. *Cabe v. Lunich,* 70 Ohio St.3d at 601, 640 N.E.2d at 162. However, the trial court found that Darulis had in fact suffered actual damages, for which it awarded him $300.

3. The trial court repeatedly stated that it *could* not award Darulis punitive damages, not that it did not believe they were warranted.

mention McCollough's name at trial. In his brief, Darulis merely asserts that it "seems logical" that McCollough negligently entrusted Pennell with the vehicle.

We cannot agree with Darulis's assertion, particularly since he has not seen fit to support it with evidence, testimony, or citation to authority. Darulis's second assignment of error is therefore overruled. The trial court's finding in favor of McCollough with respect to Count II of Darulis's complaint is affirmed.

The judgment of the trial court is affirmed in part and reversed in part, and the matter is remanded to the trial court for determination of whether Darulis should be awarded punitive damages against Pennell.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

REECE and DICKINSON, JJ., concur.