Patrick Tagliarina and Gina Parrino, plaintiffs-appellants, appeal from the judgment of the Cuyahoga County Court of Common Pleas, General Division, Case No. CV-326939, in which the trial court granted the summary judgment motion of Saturn of Sunnyside, Sunnyside Automotive and Sunnyside Automotive, Inc., defendants-appellees, on plaintiffs-appellants' negligence cause of action. Plaintiffs-appellants assign two interrelated errors for this court's review.
Plaintiffs-appellants' appeal is not well taken.
This case arises out of an automobile-motorcycle collision which occurred on June 30, 1996. The automobile was operated by eighteen-year-old Kathy Tumino and owned by defendants-appellees. The motorcycle was owned by Mr. Tagliarina. Ms. Parrino was riding on the motorcycle as a passenger at the time of the collision. The facts of the accident are undisputed. Ms. Tumino was traveling westbound on Rockside Road when she attempted to make a left-hand turn into a service station located on the corner of Rockside and Turney Roads. Plaintiffs-appellants were traveling eastbound on Rockside road at the time. Ms. Tumino admittedly did not see plaintiffs-appellants on the motorcycle and turned directly into the path of the motorcycle which collided with the front of Ms. Tumino's vehicle. As a result of the collision, plaintiffs-appellants were thrown from the motorcycle and onto the street sustaining serious injuries.
Ms. Tumino had rented the automobile she was operating at the time of the accident from defendants-appellees. On June 24, 1996, approximately six days prior to the accident, Ms. Tumino took her used Saturn automobile to defendants-appellees for repair. At that time, she rented a vehicle from defendant-appellee for the day. She returned approximately two days prior to the accident at which time she was informed that she would again need to leave her vehicle so the repair work could be completed. Once again, Ms. Tumino rented a vehicle from defendants-appellees. It was this vehicle that was involved in the subject accident with plaintiffs-appellants on June 30, 1996.
The rental contract signed by Ms. Tumino contained two provisions which are relevant to this litigation. The first provision states:
 1. The operation of the vehicle by any driver under 23 years of age is prohibited.
The second relevant provision states that the renter of the vehicle is responsible for:
 * * * all physical damage, bodily injury, property damage and fire and theft coverage.
On January 23, 1997, plaintiffs-appellants brought suit in the Cuyahoga County Court of Common Pleas against Ms. Tumino, defendants-appellees and two additional John Doe defendants alleging negligence and negligent entrustment. On April 22, 1998, defendants-appellees filed their motion for summary judgment in which it was argued that, viewing the evidence presented in a light most favorable to plaintiffs-appellants, there was no evidence in the record to support a finding that defendants-appellees negligently entrusted the rented vehicle to Ms. Tumino in light of the fact that Ms. Tumino possessed a valid driver's license at the time of the accident and did not have a history of prior accidents or traffic violations. Plaintiffs-appellants filed their brief in opposition to summary judgment on June 5, 1998, in which plaintiffs-appellants argued that genuine issues of material fact existed as to whether defendants-appellees violated their own rental contract by renting a vehicle to Ms. Tumino even though she had not yet reached the age of twenty-three. Plaintiffs-appellants argued further that a question of fact existed as to whether, in the absence of a waiver of insurance clause in the rental agreement, defendants-appellees' liability insurance coverage should be extended to provide protection to its renters as well as third parties injured by the negligence of its renters.
On June 30, 1998, the trial court granted defendants-appellees' motion for summary judgment without opinion. Subsequently, plaintiffs-appellants settled and dismissed all claims against Ms. Tumino on July 28, 1998.
On July 30, 1998, plaintiffs-appellants filed a timely notice of appeal from the judgment of the trial court which entered summary judgment in favor of defendants-appellees.
Plaintiffs-appellants' first assignment of error states:
 I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO SUNNYSIDE WHERE ITS LIABILITY COVERAGE ON ITS RENTAL FLEET SHOULD HAVE BEEN EXTENDED TO PROVIDE PROTECTION TO ITS RENTERS, AS WELL AS THIRD PARTIES INJURED BY ITS RENTERS.
Plaintiffs-appellants' second assignment of error states:
 II. GENERAL PRINCIPLES OF NEGLIGENCE DICTATED THAT SUMMARY JUDGMENT WAS NEITHER WARRANTED NOR APPROPRIATE FOR THE DEFENDANT/APPELLEE SUNNYSIDE.
Having a common basis in both law and fact, this court shall consider plaintiffs-appellants' first and second assignments of error simultaneously. Plaintiffs-appellants argue, through their first and second assignments of error, that the trial court improperly entered summary judgment in favor of defendants-appellees on plaintiffs-appellants' negligence claims. Specifically, plaintiffs-appellants argue that defendants-appellees' failure to adhere to the terms of its own written rental contractual form obligates defendants-appellees' liability insurance carrier to provide coverage for the underlying accident. Plaintiffs-appellants argue further that the application of general negligence theories to this case provides sufficient basis to defeat defendants-appellees' summary judgment motion even in the absence of a viable claim for negligent entrustment.
Defendants-appellees maintain that the rental agreement in question was drafted for defendants-appellees by the Ohio Automobile Dealers Association and contained only suggested rental provisions. In fact, defendants-appellees often made exceptions to the suggested rules found in the rental form by renting vehicles to customers that had a prior business relationship even if those individuals had not yet reached the age of twenty-three. Defendants-appellees maintain further that there is no evidence in the record to support a claim of negligent entrustment or any alternative negligence theories set forth by plaintiffs-appellants in this case.
The standard for granting a motion for summary judgment is set forth in Civ.R. 56(C). In applying this rule, the Ohio Supreme Court has consistently held that, before such a motion can be granted, the moving party must show that: (1) there is no genuine issue of fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the non-moving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. Mootispaw v. Eckstein (1996), 76 Ohio St.3d 383; Welco Industries, Inc. v. Applied Cas. (1993), 67 Ohio St.3d 344; Osborne v. Lyles (1992), 63 Ohio St.3d 326.
A motion for summary judgment forces the non-moving party to produce evidence on issues for which that party bears the burden of production at trial. Wing v. Anchor Media, Ltd. of Texas
(1991), 59 Ohio St.3d 108, syllabus. The non-movant must also present specific facts and may not merely rely upon the pleadings or upon unsupported allegations. Shaw v. Pollack Co. (1992),82 Ohio St.3d 656 [82 Ohio App.3d]. When a party moves for summary judgment supported by evidentiary material of the type and character set forth in Civ.R. 56(E), the opposing party has a duty to submit affidavits or other material permitted by Civ.R. 56(C) to show that there is a genuine issue for trial. Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64.
In Dresher v. Burt (1996), 75 Ohio St.3d 280, the Ohio Supreme Court discussed the standard to be applied when reviewing motions for summary judgment. The court stated:
 Again, we note that there is no requirement in Civ.R. 56 that any party submit affidavits to support a motion for summary judgment. See, e.g.,
Civ.R. 56(A) and (B). There is a requirement, however, that a moving party, in support of a summary judgment motion, specifically point to something in the record that comports with the evidentiary materials set forth in Civ.R. 56(C).
Id. at 298.
The court's analysis of an appeal from a summary judgment is conducted under a de novo standard of review. See Maust v. BankOne Columbus, N.A. (1992), 83 Ohio App.3d 103; 107; Howard v.Willis (1991), 77 Ohio App.3d 133. No deference is given to the decision under review, and this court applies the same test as the trial court. Bank One of Portsmouth v. Weber (Aug. 7, 1991), Scioto App. No. 1920. unreported.
In the case sub judice, a review of the subject rental agreement between Ms. Tumino and defendants-appellees reveals the existence of the following clause prominently located above the signature line:
 8) I understand that I am responsible for all physical damage, bodily injury, property damage, and fire and theft insurance coverage, and therefore I agree to indemnify dealership against and hold it harmless from all loss, cost and expense arising from, out of, or in any way related to my use of the vehicle. All repairs and replacements shall be made at standard factory authorized prices.
Clearly, the rental contract contained a prominent exclusion of coverage that is conspicuous and easily understood by a lay person. See Ady v. West American Ins. Co. (1982). 69 Ohio St.2d 593, 433 N.E.2d 547; Ayers v. All America Ins. Co. (Dec. 18, 1998), Trumbull App. No. 97-T-0218, unreported. In fact, Ms. Tumino admitted during her deposition testimony that she had been made aware that she would be responsible for any damages incurred during the time she was in possession of the rental vehicle. (T. 38.) Contrary to plaintiffs-appellants' assertion, it is apparent from the record that Ms. Tumino was not an insured under defendants-appellees' liability insurance coverage at the time she rented the vehicle from defendants-appellees, a fact she understood and readily acknowledged. Therefore, plaintiffs-appellants are precluded from attempting to access additional liability insurance coverage through defendants-appellees' liability insurance carrier. SeeContinental Casualty Co. v. Frangopoulos (Dec. 15, 1995), Trumbull App. No. 95-T-5268, unreported. In addition, the mere fact that Ms. Tumino was under the suggested age of twenty-three at the time she rented the subject vehicle does not, in itself, create a genuine issue of material fact precluding summary judgment as plaintiffs-appellants suggest. This court is unable to find authority for the proposition that a decision regarding adherence to a contractual provision between two parties somehow creates a liability insurance obligation toward an unrelated third party. Accordingly, plaintiffs-appellants' proposition is not well taken.
Plaintiffs-appellants' argument that the application of general negligence principles to the case at bar precludes summary judgment is equally unfounded. It is well established that in order to prove a claim of negligence, a plaintiff is required to demonstrate that a defendant had a duty to protect plaintiff from injury, that defendant failed to discharge that duty and that defendant's breach of that duty proximately caused plaintiff's injury. Wellman v. East Ohio Gas Co. (1953), 160 Ohio St. 103,113 N.E.2d 629; Jeffers v. Olexo (1989), 43 Ohio St.3d 140, 142,539 N.E.2d 614, 616-617; Jane Doe v. Flair Corp. (Sept. 3, 1998), Cuyahoga App. No. 73243, unreported. In this instance, the only plausible theory of negligence under which plaintiffs-appellants could proceed would be that of negligent entrustment; i.e., that defendants-appellees negligently allowed Ms. Tumino to operate a vehicle rented to her by defendants-appellees.
In Gulla v. Straus (1950), 154 Ohio St. 193, 93 N.E.2d 662, the Ohio Supreme Court set forth the elements of a negligent entrustment claim as follows:
 The owner of a motor vehicle may be held liable for an injury to a third person upon the ground of negligence if the owner knowingly, either through actual knowledge or through knowledge implied from known facts and circumstances, entrusts its operation to an inexperienced or incompetent driver whose negligent operation results in the injury.
Id. at paragraph three of the syllabus. See Darulis v. Pennell
(1996), 113 Ohio App.3d 168, 680 N.E.2d 684; Pfund v. Ciesielczyk
(1992), 84 Ohio App.3d 159, 163-164, 616 N.E.2d 560, 563.
A review of the record from the trial court fails to support plaintiffs-appellants' claim for negligent entrustment against defendants-appellees. As this court previously stated, there is no evidence in the record to demonstrate that Ms. Tumino was an incompetent or unsafe driver at the time she rented the automobile from defendants-appellees. Accordingly, it is apparent that plaintiffs-appellants failed to set forth a viable claim for negligent entrustment against defendants-appellees. CommunityMutual Insurance v. Kaczmarski (May 1, 1998), Lucas App. No. L-97-1220, unreported.
For the foregoing reasons, plaintiffs-appellants' first and second assignments of error are not well taken.
Judgment of the trial court is affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McMONAGLE, TIMOTHY E., P.J., and BLACKMON, J., CONCUR.
 _________________________________ MICHAEL J. CORRIGAN JUDGE